278 So.2d 663 (1973)
The BOARD OF PUBLIC INSTRUCTION OF DADE COUNTY, Florida, a Body Corporate and Politic under the Laws of the State of Florida, Appellant,
v.
Wesley DINKINES and Rose Dinkines, His Wife, Appellees.
No. 72-636.
District Court of Appeal of Florida, Third District.
June 12, 1973.
Frank A. Howard, Jr., and Phyllis O. Douglas, Miami, for appellant.
John E. Kirk, and Drummond Paul, Jr., Miami, for appellees.
Before BARKDULL, C.J., and PEARSON and CHARLES A. CARROLL, JJ.
PEARSON, Judge.
This is an interlocutory appeal from an order entered after final judgment in a proceeding in eminent domain. The order appealed is in pertinent portion as follows:
"THIS CAUSE coming on to be heard before me on petitioner's motion to strike or dismiss defendants' sworn petition to set aside final judgment and verdict incorporated therein, for actual and legal fraud on the above-styled court and on the defendants, and the Court considering said sworn petition and arguments of counsel for both parties, and considering legal citations cited by the attorney for petitioner, and the Court being fully advised in the premises, it is
"ORDERED AND ADJUDGED that said motion to strike or dismiss defendants' petition, be, and the same is hereby denied, ...".
The determination of the points involved rests upon the application of Rule 1.540(b), RCP, 31 F.S.A. It reads as follows:
"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order or proceeding for the following reasons: ...
(3) fraud (whether heretofore denominated intrinsic or extrinsic) ...

*664 The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, decree, order or proceeding was entered or taken ... This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order or proceeding or to set aside a judgment or decree for fraud upon the court." (Emphasis supplied)
The factual background stated in the petition may be summarized for the purposes of this opinion: (1) The appellees (petitioners in the trial court) were the defendants in a condemnation action filed by the Dade County School Board. A final judgment was entered for the condemning authority and the appellees' land was taken. (2) Prior to the action, third parties had attempted to purchase the property for their own use. (3) Also prior to the action, one of the third parties had attempted "to force" the appellees to dedicate a right of way for a highway to serve a corporate development. The appellees refused to sell or dedicate the right of way and Dade County condemned the necessary land for road-widening purposes. (4) After the same party unsuccessfully tried to purchase land from the appellees for widening a canal, the Central and Southern Florida Flood Control District condemned the necessary land. (5) The same party had plans for the use of the remainder of the appellees' property for a marina. (6) The remainder of the appellees' property was condemned under a declaration that it was necessary for public school purposes. (7) Evidence was introduced at the last condemnation proceeding with the connivance of the third party which depressed the award that the appellees received for their property. (8) After the taking, the appellees learned that the land was not in fact owned by the Dade County School Board but had been deeded to Dade County. (9) The appellees believe that the land is now being developed as a marina. (10) The appellees conclude their petition to set aside the final judgment in condemnation with a statement that the facts alleged show an actual fraud on the court and the appellees.
The appellant School Board responded to the petition to set aside final judgment by moving to strike or dismiss the petition on the ground that the petition having been brought almost two years after the entry of judgment and not by independent action, the court had no jurisdiction to entertain the petition. The trial court denied the School Board's motion to strike. This appeal is from that order.
Rule 1.540(b), RCP, quoted earlier in this opinion, provides that on motion filed within one year of entry of a final judgment a court may relieve a party from that judgment if there is fraud, whether intrinsic or extrinsic. The rule further provides that when fraud upon the court is involved, the court may entertain an independent action, and no time limit is specified for bringing this independent action. See Corrigan v. Corrigan, Fla.App. 1966, 184 So.2d 664. Therefore, in the instant case, since the judgment was recorded March 31, 1970, and the appellees' motion for relief was not filed until January 24, 1972, the applicable one-year requirement was not met.
A litigant is entitled to know that a judgment determining his rights is final and will not be disturbed, except on appeal, or under the conditions prescribed by a rule. For this reason, if the litigant does not seek to correct error within the time and in the manner provided, the court involved has no authority to act as far as that action is concerned; the matters decided are finally ended. Kippy Corporation v. Colburn, Fla. 1965, 177 So.2d 193.
The inherent authority of every court to remedy injustice done by fraud upon that court exists without time limit. But such authority and appropriate relief must, under our rules, be invoked by an independent action. Therefore, we reverse the order denying the appellant's motion to strike the *665 appellees' petition for relief pursuant to Rule 1.540(b), RCP, and remand the cause to the trial court with directions to dismiss the motion without prejudice to the filing of an independent action by the appellees.
Reversed and remanded.