BOARDMAN, Judge.
Otis O. Sweet died intestate on December 29, 1969, a resident of Chicago, Illinois. Appellee, Charles Sweet, was appointed administrator of the estate in Cook County, Illinois, and ancillary administrator in Polk County, Florida.
Charles filed a petition in the County Judge’s Court[1] on October 9, 1970, for an order to sell two parcels of land, belonging to the estate, to appellee, Max Thornberg. The petition alleged that Thornberg was the assignee of a contract for the sale of this property entered into by the decedent, Otis O. Sweet, and one W. Robert Little. On the same day the county judge entered an order approving the sale of the land to Thornberg. Counsel for both parties concede that a written assignment to convey the real property involved was not before the County Judge’s Court. The only proof of an assignment before this court was a bare allegation in the petition.
Appellants, heirs of Otis O. Sweet, brought suit in Circuit Court to set aside all deeds alleging, inter alia, fraud on the County Judge’s Court in approving the sale of the subject property, damages, and for attorney fees and costs. The appellees moved to dismiss for lack of jurisdiction of the subject matter. After a hearing on the motions, the trial court entered an “ORDER GRANTING MOTION TO DISMISS.” The order was grounded on the finding that the Circuit Court lacked jurisdiction of the subject matter and the complaint failed to state a cause’ of action cognizable in the Circuit Court or any other court exercising original or trial jurisdiction.
The learned trial judge misconceived the applicable law. The general rule seems to be well established that a court of equity may set aside an executor’s or administrator’s sale for fraud. 34 C.J.S. Executors and Administrators § 622c. This rule was established in this jurisdiction in Bambrick v. Bambrick, Fla.App. 2nd, 1964, 165 So.2d 449.[2] Accordingly we conclude that the Circuit Court, in its role as a court of equity, had jurisdiction of the subject matter.
Reversed and remanded for further proceedings not inconsistent herewith.
MANN, C. J., and HOBSON, J., concur.

. The action transpired prior to the enactment of revised article Y to the Constitution of the State of Florida, F.S.A.

. See also Board of Public Instruction of Dade County v. Dinkines, Fla.App.3rd, 1973, 278 So.2d 663.