PER CURIAM.
This is an appeal from an order granting the appellees relief from the terms of a final judgment of foreclosure. The appellant foreclosed its first mortgage and a final judgment of foreclosure in the amount of $66,570.97 was entered. The appellees, holders of a second mortgage, then purchased the property for $57,736.30 at public sale. Of that sum, $53,430.19 was disbursed to the appellant. The final judgment contained no provision for the payment of taxes and the outstanding taxes were not paid from the proceeds of the sale. Subsequently, the appellees, after determining that there were unpaid real estate taxes outstanding on the property, paid the taxes and sought reimbursement from the appellant by way of this action before the trial court.
The appellees’ theory of recovery was that the appellant, by filing an affidavit in the foreclosure proceedings listing the taxes as amounts due, had misrepresented to the court that those taxes had been paid. Absent such misrepresentation, the appellees contended, the trial court would have ordered in the final judgment that the clerk of the court pay any outstanding real estate taxes out of the proceeds of the public sale.
Although the appellant attacks the judgment entered against it on several grounds, we will discuss only one, which we find sufficient to mandate reversal. Under the provisions of Florida Rule of Civil Procedure 1.540(b)(3), a party may secure relief from the terms of a final judgment entered as a result, of the misconduct of an adverse party. However, the rule provides that such relief must be requested within one year of the time the final judgment is is *118 sued. American National Bank v. Lau, 268 So.2d 567 (Fla. 2d DCA 1972), cert. denied 273 So.2d 81 (Fla.1973). It is undisputed here that appellees’ motion was filed beyond the one year provision of the rule. That being the case, we believe it was error for the trial court to grant such relief to the appellees.
Accordingly, this cause is reversed and remanded for entry of judgment in favor of appellant.
LETTS, C. J., and ANSTEAD and MOORE, JJ., concur.