706 So.2d 382 (1998)
Cheryl A. FOGAN, Petitioner,
v.
Robert J. FOGAN, Respondent.
No. 97-3038.
District Court of Appeal of Florida, Fourth District.
February 18, 1998.
Paula Revene of Paula Revene, P.A., Fort Lauderdale, for petitioner.
Monica Sherman, Fort Lauderdale, for respondent.
KLEIN, Judge.
Petitioner wife moved to disqualify the trial judge based on her belief that she could not receive a fair trial before him because of his long-standing personal and professional relationship with respondent, a Broward County Circuit Court Judge. At the hearing on disqualification, the judge acknowledged that he had known the husband for more than twenty years, had greatly respected the husband as a prosecutor before the husband went on the bench, but could nevertheless be fair in financial matters.[1] He then went on to state:
COURT: Insofar as deciding what's fair or not fair in equitable distribution or financial matters, it doesn't matter to me who the litigants are. They're just faceless people ... Nonetheless, I could not punish either Bob Fogan or Cheryl Fogan for contempt of court. I'll tell both of y'all that right now. If the parties engage in a course of conduct which calls for punishment by the bench, I would have to step back from the case. But as to all other matters, I have no difficulties in making the decisions that relate to financial distribution.
* * * * * *
COURT: I can't put either one of them in jail.
MS. GREENHAWT: Correct. And we need somebody who will go in here and get the job done just like it's any other person. We need someone ...
COURT: Hold on a second. I said I couldn't put them in jail.... I can hold *383 them in contempt and impose financial sanctions or strike the pleadings or things of that nature.... But if anybody asked me to put Cheryl Fogan or Robert Fogan in jail, I'm going to have a severe problem with that.

(emphasis added)
The trial judge's statements that he could not punish either of the parties, if there were grounds for him to do so, is an admission that he cannot be fair and impartial. He should, therefore, have granted the motion. See § 38.10, Fla. Stat. (1997).
The fact that the court said that it would have to "step back from the case," if the parties engaged in conduct which called for such punishment does not, as the husband suggests, make the problem speculative. The wife is entitled to have a judge who is willing to impose all remedies which the law entitles her to have imposed, and the fact that the case hasn't reached that point is immaterial. The fact that the court would be unwilling to follow through with the appropriate punishment for contempt could influence how the court handles the preliminary matters leading up to that point. In addition, the wife should not have to start over with a new judge, unfamiliar with the case, if this judge were to later recuse. We therefore grant the writ of prohibition.
DELL and WARNER, JJ., concur.
NOTES
[1] The court was entitled to pass on the truth of facts alleged in support of the motion for disqualification because petitioner had previously successfully moved for disqualification of the prior judge assigned to the case. Fla.R.Jud.Admin. 2.160(g).