707 So.2d 906 (1998)
Andrew David CARTER, Appellant,
v.
Melanie Melissa HOWEY, Appellee.
No. 97-0683.
District Court of Appeal of Florida, Fifth District.
March 6, 1998.
Christopher H. Morrison of Baldwin & Morrison, P.A., Fern Park, for Appellant.
Gary Shader, Maitland, for Appellee.
ANTOON, Judge.
Andrew David Carter (the father) appeals the trial court's final judgment awarding custody of the parties' minor children to Melanie Melissa Howey. One of the father's arguments on appeal was that the trial court improperly denied his motion for disqualification. *907 We affirm the trial court's final judgment in its entirety, but write to explain our decision to affirm the denial of the motion to disqualify.
We must affirm the denial of the father's motion to disqualify because it was not timely filed. Florida Rule of Judicial Administration 2.160(e) provides that "[a] motion to disqualify shall be made within a reasonable time not to exceed 10 days after discovery of the facts constituting the grounds for the motion and shall be promptly presented to the court for an immediate ruling." Our courts have authorized an exception to the ten day requirement in extraordinary circumstances. See Dura-Stress, Inc. v. Law, 634 So.2d 769, 770 (Fla. 5th DCA 1994)(writ of prohibition denied because motion to disqualify was untimely for first of four cases but granted for the remaining three untried cases); see also Brake v. Murphy, 693 So.2d 663, 665 (Fla. 3d DCA), rev. denied, 700 So.2d 686 (Fla.1997)(trial judge entered highly questionable orders after ex parte communication).
In this case, the father's motion to disqualify alleged that the trial judge made statements "at numerous pretrial hearings" which suggested that he was predisposed to rule against the father and unwilling to abide by the requirement that he consider the factors set forth in section 61.13 of the Florida Statutes (1995). We agree that the trial judge's statements would reasonably place the father in fear of not receiving a fair trial. See MacKenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332, 1335 (Fla.1990). However, this court is unable to determine that the motion was timely because the father did not include the dates of the relevant hearings in the motion and the record does not contain transcripts these hearings. The record does indicate that the last pretrial hearing was conducted thirty-one days prior to the filing of the motion to disqualify.
While we recognize that the father's motion to disqualify was filed by an attorney whose appearance was made by the filing of the motion, neither the motion nor the briefs filed in this appeal offer this as an explanation for the late filing. Accordingly, we must affirm the trial court's ruling because the motion to disqualify was not timely filed.
AFFIRMED.
PETERSON and THOMPSON, JJ., concur.