710 So.2d 201 (1998)
Glenn William PINFIELD, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3141.
District Court of Appeal of Florida, Fifth District.
May 1, 1998.
Mark E. Tietig and Lisa Kuhlman Tietig of Tietig & Tietig, Merritt Island, for Appellant.
No Appearance for Appellee.
COBB, Judge.
The appellant appeals from an order denying his petition for writ of prohibition.[1]
This case involves a motion by the appellant to disqualify a successor county court judge, John C. Adkins, after the originally assigned county court judge, A.B. Majeed, had also been disqualified upon appellant's motion. Florida Rule of Judicial Administration 2.160(g) provides:
DeterminationSuccessive Motions. If a judge has been previously disqualified on motion for alleged prejudice or partiality under subdivision (d)(1), a successor judge shall not be disqualified based on a successive motion by the same party unless the successor judge rules that he or she is in fact not fair or impartial in the case. Such a successor judge may pass on the truth of the facts alleged in support of the motion.
After Judge Adkins denied the motion to disqualify, the appellant petitioned the circuit court for a writ of prohibition. The circuit court denied the petition, explaining:
The Court hereby denies the petition or complaint for writ of prohibition, because Judge John Adkins is a successor judge and the record does fail to indicate that Judge John Adkins ruled that he was in fact not fair and impartial in the case. Rule 2.160(g) of the Florida Rules of Judicial Administration.
*202 The circuit court appears to have construed Rule 2.160(g) as insulating from further review a decision of a successor judge denying disqualification so long as the judge does not actually rule that he is unfair and partial.
A successor judge is entitled by rule to pass on the truth of the facts alleged in support of a motion to disqualify. Fogan v. Fogan, 706 So.2d 382 (Fla. 4th DCA 1998). On review of the successor judge's denial of a motion to disqualify, the test is not whether said judge explicitly ruled that he is in fact not fair and impartial but whether the record clearly refutes the successor judge's decision to deny the motion.
The circuit court applied the wrong legal standard in considering the appellant's petition for writ of prohibition. We reverse and remand for reconsideration based upon the correct legal standard.
REVERSED AND REMANDED.
THOMPSON and ANTOON, JJ., concur.
NOTES
[1] A petition for writ of prohibition is the proper vehicle for obtaining review of a lower tribunal's denial of a motion for disqualification. See Bundy v. Rudd, 366 So.2d 440 (Fla.1978). An order of the circuit court ruling on a petition for writ of prohibition is a final order reviewable by appeal. See Guzzetta v. Hamrick, 656 So.2d 1327 (Fla. 5th DCA 1995), rev. denied, 663 So.2d 630 (Fla. 1995).