COBB, J.
Hamilton was convicted, after jury trial, of burglary of a dwelling and malicious mischief. He argues on appeal that the trial court committed reversible error by allowing him to be impeached by the introduction of his prior convictions, some seven months pri- or to trial, of armed burglary of a dwelling, grand theft of a firearm, and misdemeanor possession of a firearm by a minor. Hamilton was a minor at the time of these prior offenses and had been sentenced therefor as a juvenile. Nevertheless, he had been tried and adjudicated guilty of those crimes as an adult.
Hamilton argues that the use of juvenile adjudications for purposes of impeachment is expressly precluded in Florida by section 90.610(l)(b), Florida Statutes (1997):
Conviction of certain crimes as impeachment.—
(1) A party may attack the credibility of any witness, including an accused, by evidence that the witness has been convicted of a crime if the crime was punishable by death or imprisonment in excess of 1 year under the law under which the witness was convicted, or if the crime involved dishonesty or a false statement regardless of the punishment, with the following exceptions:
^ # # ‡ # #
(b) Evidence of juvenile adjudications are inadmissible under this subsection.
The state responds that the proscription in section 90.610(l)(b) does not apply to the prior convictions of Hamilton for the reason that he was tried for them as an adult, and the judgment of guilt shows that those were not “juvenile adjudications” as contemplated by the statute.
We cannot agree with the appellant that the earlier judgments of guilt as to the felonies of armed burglary and grand theft with a firearm and the misdemeanor possession of a -firearm constituted “juvenile adjudications.” The appellant alludes to “an adjudication of delinquency” in respect to these prior convictions. This allusion apparently is based upon the failure by the trial court in those earlier cases to strike out a reference in a printed sentence form to commission of a delinquent act. Nevertheless, the judgment itself, wherein the trial judge personally filled in the three crimes for which Hamilton was adjudicated, leaves no doubt that judgment was not merely a finding of delinquency-
We find no merit in the other grounds argued on appeal by Hamilton.
AFFIRMED.
GOSHORN and HARRIS, JJ., concur.