BROWNING, J.
On May 7, 1996, Alma Champion (appellant/former wife) and Jimmy Wayne McDaniel (appellee/former husband) were divorced. The final judgment of dissolution of marriage incorporated a marital settlement and parenting agreement, which appellee signed on March 11, 1996. On the same date, appellee also signed a waiver of appearance at final hearing, which acknowledged appellee accepted service of appellant’s petition for dissolution of marriage; that he executed a Marital Settlement and Parenting Agreement; that he was noticed of the final hearing; that he reviewed the provisions of the Proposed Final Judgment of Dissolution; and *18 that he waived his right to attend the final hearing. On March 18, 1996, appellant served appellee with a Summons, the Petition for Dissolution of Marriage, and ap-pellee’s Waiver of Attendance of Final Hearing. Additionally, on April 16, 1996, appellant served appellee with Notice of the Final Hearing. Appellee did not respond to the summons or appear at the final hearing.
Under the terms of the agreement, appellant received assets totaling $790,000, and none of the marital debt; and appellee received a truck and assumed total debts of $71,834.75. The marital agreement provided that: (1) appellee was to quit claim the marital home, which was unencumbered, to appellant; (2) appellee was to relinquish to appellant any and all interest in the lottery proceeds that he was to receive for the next fifteen years in the approximate amount of $40,500 annually; (3) appellee was to complete a specific list of repairs to the marital home within sixty days of executing the agreement or compensate the contractor(s) to complete the repairs; (4) appellant was to retain, as her sole property, the 1996 Blazer with appel-lee to be responsible for its debt in the amount of $20,281.38; (5) appellee was to retain, as his sole property, the 1993 Chevrolet and be responsible for its debt in the amount of $24,083.64; (6) appellee was to retain the 1974 Corvette if he completed the repairs to the home within the sixty days, but if appellee did not complete the repairs, appellant was to sell the Corvette and retain the proceeds from the sale; (7) appellee was to be responsible for the marital debts outlined in the Marital Settlement and Parenting Agreement; (8) appellant was to be primary custodian of their two minor children, and in consideration of appellee’s assignment of lottery proceeds, no child support would be due from appel-lee; and (9) appellee was to cover the minor children under his medical and dental coverage. The parties’ agreement effected a distribution of far fewer assets and of far more liabilities to appellee than would have been permissible had existing familial law governing distribution been applied. It is from this egregious distribution that appellee sought relief.
Appellee filed his request for relief from the Marital Settlement Agreement, as incorporated by the Final Judgment, by a Petition to Set Aside Final Judgment on September 8, 1997, sixteen months after entry of Final Judgment. In his Petition, appellee alleged that the Marital Settlement Agreement was prepared by appellant’s attorney; that appellee assumed all marital debt and transferred all marital properties to appellant; that he is unsophisticated in business transactions and had no prior experience in divorce litigation; that the appellant’s financial affidavit was fraudulent; that appellant perpetrated a fraud on appellee in securing the preparation and execution of the Marital Settlement Agreement; that appellant acted with deceit, coercion, and overreaching in effecting execution of the agreement by appellee; that the agreement does not reflect a certain oral understanding of the parties; that appellee was not represented by counsel; that appellee would have been entitled to much more of the assets and much less of the marital liabilities than he received under the agreement had their distribution of assets and liabilities been presented to a trial judge for determination; and that there was no consideration for the agreement. Appellee also requested by alternative counts relief not germane to this appeal.
The trial court found fraud and set aside the Marital Settlement Agreement based on the following written and oral findings: (1) appellant controlled the assets, controlled the checking accounts, and controlled everything, and in reaching the agreement, appellant divulged precious little to appellee and kept him completely in the dark; (2) appellee knew about the $40,500. per year lottery proceeds but was not knowledgeable as to the checking account; (3) there was fraud in the sense of gross deceit (in the fact that appellee felt *19 that during the marriage he had no control over the checking account); (4) there was intent on the part of appellant to perpetrate a fraud, both upon appellee and upon the court; (5) the agreement is wholly one-sided; (6) the tragic circumstances involving the death of the parties’ son contributed to a time of emotional vulnerability; (7) appellant pressured appellee into signing the agreement after confronting him with his admitted adultery during this vulnerable time; (8) there was fraud and deceit utilizing the standards set out in Baker v. Baker, 394 So.2d 465 (Fla. 4th DCA 1981) (the aggrieved spouse attacked the final judgment approximately nine months after its entry while appellee waited sixteen months), and Casto v. Casto, 508 So.2d 330 (Fla.1987) (the aggrieved spouse appeared at the final hearing to contest the post-marital agreement, whereas appellee did not); (9) the exhibits introduced at trial are illustrative of appellant’s intent to perpetrate fraud upon appellee and upon the court, to-wit, the fact that the initials on the final judgment are not appellee’s and the fact that the Settlement Agreement was executed before the Petition for Dissolution was filed; (10) there is no conceivable or logical reason, other than lack of knowledge, that a person would enter into this kind of agreement; and (11) he was unknowingly, unwittingly being deceived, and had little or no knowledge about what appellant was doing that legally constituted fraud or deceit in this case.
For the reasons hereinafter stated, we conclude that the trial court’s Order Setting Aside the Final Judgment and Settlement Agreement must be reversed.
Appellee failed to file his petition within one year of entry of the Final Judgment, as is required by Fla. R. Civ. P. 1.540, and, Fla. Fam. L.R.P. 12.540, except for fraud on the court and the filing of a fraudulent financial affidavit. Appellee failed to prove that he falls within either of the two exceptions. The evidence does not support an action for fraud on the court. At best, appellee showed that appellant was in a superior bargaining position to him. This does not justify relief under either Fla. R. Civ. P. 1.540(b), or Fla. Fam. L.R.P. 12.540, and the trial judge erred by not so determining. Cemiglia v. Cemiglia, 679 So.2d 1160 (Fla.1996); United States Steel Corp. v. Gower, 390 So.2d 117 (Fla. 4th DCA 1980); Bernstein v. Bernstein, 377 So.2d 1011 (Fla. 3d DCA 1979). Neither does Fla. Fam. L.R.P. 12.540, afford appellee a basis for filing his petition sixteen months after entry of final judgment. While the Rule authorizes filing an action seeking relief from a final judgment based upon a fraudulent financial affidavit filed in a marital proceeding later than one year after entry of a final judgment, an extensive review of the record does not show, by competent and substantial evidence, that appellant filed a fraudulent financial affidavit. To the contrary, both parties were well aware of their assets, and they were substantially represented by appellant’s financial affidavit. The finding of the trial court to the contrary is not supported by competent and substantial evidence and constitutes reversible error.
Even assuming arguendo that appellee’s petition had been timely filed, the evidence adduced below does not support the relief afforded appellee by the trial court. To substantiate a finding of fraud under Casto, supra, the challenging spouse must demonstrate that the agreement is unfair or unreasonable to him. Once the unfairness or unreasonableness is established, a rebuttable presumption arises that the defending spouse concealed financial data or that the challenging spouse lacked the knowledge of such information at the time the agreement was executed. The defending spouse must then prove that there was full and honest disclosure or that the other spouse had adequate independent knowledge of the assets and income of the defending spouse.
Here, an exhaustive review of the record reveals no evidence that appellant attempted to deceive or to conceal financial dkta or *20 assets, or that appellee lacked knowledge or information as to the assets and liabilities of the parties at the time he executed the Marital Settlement Agreement. Although the result is incredibly harsh for appellee, the trial court’s Order Setting Aside the Final Judgment and Settlement Agreement must be reversed, and the case remanded for proceedings consistent with this opinion.
REVERSED and REMANDED for further proceedings.
MINER, J., CONCURS.
ERVIN, J., CONCURS WITH RESULT.