COBB, J.
The petitioner, Sheila Klapper-Barrett, seeks a writ of prohibition against Circuit Judge James C. Hauser to disqualify him from presiding over any post-judgment matters in her dissolution action in Orange County, Florida. She alleges that the proceedings in that action were “long, arduous and extremely bitter.” The allegations in support of the petition, which were contained in her verified motion for recusal, are as follows:
During the dissolution proceedings, Judge Hauser made an unsolicited telephone call to the Petitioner at her home in the evening and insisted on discussing the dissolution proceedings with her. During the telephone call, Judge Hauser asked the Petitioner if she wanted to settle the dissolution proceedings and *852 then urged her to enter into a settlement and conclude the proceedings.
During this same telephone call, Judge Hauser said to the Petitioner “[y]ou know that you need to get this divorce over with.” When the Petitioner expressed a minor dissatisfaction with her counsel, Judge Hauser said “[yjou’re going to stick with this lawyer.”
The Petitioner believed that Judge Hauser was intentionally pressuring her into settling the outstanding issues and that he was doing so in order to avoid having to make a decision on the ultimate issues. The Petitioner was so intimidated by the telephone call that she did not disclose what happened to her prior counsel.
After the alleged telephone call from Judge Hauser, Klapper-Barrett entered into a marital settlement agreement. A final judgment of dissolution adopting that agreement was entered on September 15, 1998. On June 15, 1999, Klapper-Barrett, having retained new counsel, filed a post-judgment motion for contempt and, contemporaneously therewith, a motion for re-cusal. Judge Hauser, who was precluded by rule from challenging the truth of the allegations,[1] denied the recusal motion on the basis that it was untimely.
The respondent, Alexander Nurell (the petitioner’s former husband), concedes that the petition for writ of prohibition sets out facts which, if taken as true, are legally sufficient grounds for the disqualification of Judge Hauser pursuant to Florida Rule of Judicial Administration 2.160. Nurell argues, however, that the Rule unequivocally states that a motion to disqualify shall be made within ten days after discovery of the facts constituting grounds for the motion, and in this case Klapper-Bar-rett was aware of the facts supporting recusal some time prior to September 15, 1998, and did not file her recusal motion until some nine months later. Nurell points out that the delay in filing was not due to a change of counsel, as may have been the case in Carter v. Howey, 707 So.2d 906 (Fla. 5th DCA 1998), but to the failure of Klapper-Barrett to inform her previous counsel in 1998 of her allegations.
The petitioner first argues, in respect to the delay in filing the recusal motion, that the time limitation did not begin to run until such time as she advised her new counsel in 1999 of Judge Hauser’s actions. She cites to our opinion in Carter as support for this proposition. This argument is specious because, as argued by the respondent, the late filing in this case was not due to the appearance of new counsel. Moreover, our opinion in Carter merely noted that a new attorney had filed an appearance in that case, and then pointed out that the change in attorneys was not argued as a justification for the late filing of the recusal motion. Indeed, in that opinion, we affirmed the denial of the motion to disqualify.
Klapper-Barrett also argues that in extraordinary circumstances an untimely motion for recusal should still be granted, and that an ex parte communication between the judge and a party constitutes such an exception. She also points out that this is not a case where a party has delayed filing a recusal motion pending a ruling by the court, and then filed such motion after that ruling turned out to be unfavorable. Cf. In re Estate of Carlton, 378 So.2d 1212 (Fla.1979), cert. denied, 447 U.S. 922, 100 S.Ct. 3013, 65 L.Ed.2d 1114 (1980). Indeed, in the instant case Klap-per-Barrett would not have been subject to any further judicial consideration by Judge Hauser, or any other judge, except for the advent of a post-judgment proceeding; she was not aware of the necessity for that until 1999, at which time she promptly filed the recusal motion. It is clear that the recusal motion was filed at the time the post-judgment proceedings commenced.
*853 There is a strong public policy against ex parte communications between a judge and a litigant. As the Florida Supreme Court observed in Rose v. State, 601 So.2d 1181, 1183 (Fla.1992): “Nothing is more dangerous and destructive of the impartiality of the judiciary than a one-sided communication between a judge and a single litigant.”
The writ of prohibition shall issue and Judge Hauser is disqualified from further participation in this cause.
PETITION GRANTED; WRIT ISSUED.
PETERSON and GRIFFIN, JJ., concur.

. See Fla.R.Jud.Admin. 2.160(f).