SHEVIN, Judge.
We reverse the order setting aside the parties’ final dissolution judgment. As the trial court properly found, any fraud asserted in this case is intrinsic fraud, and does not rise to the level of extrinsic fraud, or fraud on the court. See Cerniglia v. Cerniglia, 679 So.2d 1160, 1163 (Fla.1996). Here, as in Champion v. McDaniel, 24 Fla. L. Weekly D824, 740 So.2d 17 (Fla. 1st DCA 1999), both parties were well aware of their assets and the assets were substantially represented in appellant’s financial affidavit. Appellee’s motion to set aside the final judgment asserted that the former wife’s affidavit underrepresented the value of her jewelry business. However, appellee, a graduate gemologist, was experienced in estate and antique jewelry sales, worked at the jewelry business in question, had access to the inventory, held himself out as the owner, and designated himself as the business’s manager in his financial affidavit. In view of these facts, the court erred in setting aside the order. The cause is remanded with instructions to reinstate the final judgment.
Reversed and remanded.