757 So.2d 1272 (2000)
HIP HEALTH PLAN OF FLORIDA, INC., a Florida corporation, Petitioner,
v.
Sandi GRIFFIN, as personal representative of the estate of Dale Griffin, Deceased, for and on behalf of said Estate and the survivors thereof, Respondents.
No. 4D99-3891.
District Court of Appeal of Florida, Fourth District.
May 24, 2000.
Theodore R. Dempster of Steven M. Ziegler, P.A., Hollywood, and Diane H. Tutt of Diane H. Tutt, P.A., Plantation, for petitioner.
Arnold R. Ginsberg of Ginsberg & Schwartz, Miami, and Sheldon J. Schlesinger, P.A., Fort Lauderdale, for respondents.
WARNER, C.J.
Petitioner, HIP Health Plan, filed for a writ of prohibition, because the trial court denied its motion for disqualification. The court determined that, the motion was untimely under rule 2.160(e) of the Florida Rules of Judicial Administration. We agree and deny the petition.
HIP contends that at a hearing on September 13, 1999, the trial judge made remarks reflecting his bias against HIP. On September 24, 1999, HIP filed its motion for disqualification. According to the certificate of service, the motion was mailed on September 23, 1999, ten days after the hearing. The motion recited counsel's certificate of good faith, but the motion did not contain a supporting affidavit and was *1273 not sworn. Instead, it recited that an affidavit, which was filed several days later, would be forthcoming.
Rule of Judicial Administration 2.160(e) provides:
[a] motion to disqualify shall be made within a reasonable time not to exceed 10 days after discovery of the facts constituting the grounds for the motion and shall be promptly presented to the court for an immediate ruling.
(Emphasis added). HIP interprets "made" as requiring service within the ten day rule. Although no court has definitively addressed this issue as to what is meant by the rule's reference to "making" a motion, numerous decisions have referred to the "filing" of the motion, rather than "service" of the motion, in discussing the timeliness of a motion. See, e.g., Carter v. Howey, 707 So.2d 906, 907 (Fla. 5th DCA 1998); Guzman & Co. v. British Realty & Mortg. Corp., 699 So.2d 842, 842 (Fla. 3d DCA 1997); Foley v. Fleet, 644 So.2d 551, 551-52 (Fla. 4th DCA 1994).
The same language as is found in Rule 2.160 also appears in Rule of Civil Procedure 1.540(b), which requires that "[t]he motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than 1 year after the judgment... was entered...." (Emphasis added). In applying that time limit, courts have also referred to the rule as requiring "filing" within the one year period. See, e.g., Champion v. McDaniel, 740 So.2d 17, 19 (Fla. 1st DCA 1999); Huffman v. Huffman, 596 So.2d 718, 720 (Fla. 2d DCA 1992); Board of Pub. Instruction of Dade County v. Dinkines, 278 So.2d 663, 663-64 (Fla. 3d DCA 1973). As the same language appears in both rules, it should be interpreted consistently. We therefore hold that the motion was untimely under the rule.
While in extraordinary circumstances some courts have allowed exceptions to the ten day rule, see, e.g., Brake v. Murphy, 693 So.2d 663 (Fla. 3d DCA), rev. denied, 700 So.2d 686 (Fla.1997), no extraordinary circumstances are presented in this case. In addition, the motion was incomplete at the time it was served, as the motion was not sworn, nor was an affidavit filed attesting to the facts and reasons relied on for disqualification.
This rule may be a trap for the unwary, and it may be more fair to require service of a motion within ten days, as is required of most other pleadings under the rule. We would urge the Supreme Court Committee on the Rules of Judicial Administration to review the rule with regard to when the motion must be filed or served.
Finally, even if we were to ignore the technical and timing deficiencies of the motion, we would conclude that the motion was legally insufficient to require disqualification.
We therefore deny the petition.
STEVENSON and HAZOURI, JJ., concur.