768 So.2d 21 (2000)
WAL-MART STORES, INC., Petitioner,
v.
Gloria CARTER, Respondent.
No. 1D00-1384.
District Court of Appeal of Florida, First District.
July 26, 2000.
Rehearing Denied September 15, 2000.
Jeffrey P. Gill of Vernis & Bowling, Pensacola, for petitioner.
Paul S. Boone, Jacksonville, for respondent.
PER CURIAM.
Wal-Mart Stores, Inc., timely petitions this court for a writ of certiorari seeking, in effect, review of an order which denied a motion to disqualify the trial judge presiding over a pending personal injury action in which Wal-Mart is the defendant. We treat the petition as seeking a writ of prohibition and, for the reasons described below, deny relief.
Petitioner relies upon Smith v. Santa Rosa Island Authority, 729 So.2d 944 (Fla. 1st DCA 1998) as authority for certiorari as the appropriate remedy. We find Smith to be distinguishable, as it involved the circuit court sitting in its appellate capacity and because the decision of the circuit court on the merits of the dispute was also being reviewed. The traditional remedy for interlocutory review of an order denying judicial disqualification is prohibition. See MacKenzie v. Super Kids Bargain Store, 565 So.2d 1332 (Fla.1990); Bundy v. Rudd, 366 So.2d 440 (Fla.1978); *22 Hayslip v. Douglas, 400 So.2d 553 (Fla. 4th DCA 1981). We accordingly treat the petition for writ of certiorari as a petition for writ of prohibition. Fla. R.App. P. 9.040(c).
The order denying the motion was silent as to the reason(s) for the ruling and we have accordingly examined the motion for disqualification for its compliance with Florida Rule of Judicial Administration 2.160 before addressing the question of its legal sufficiency.[1]
Florida Rule of Judicial Administration 2.160(c) requires that the motion shall be made in writing, specifically allege the facts and reasons for disqualification and "shall be sworn to by the party by signing the motion under oath or by separate affidavit. The attorney for the party shall also separately certify that the motion and the client's statements are made in good faith." Failure to support the motion with the client's sworn signature or an affidavit is a basis to deny the motion. Gaines v. State, 722 So.2d 256 (Fla. 5th DCA 1998); Cardinal v. Wendy's of South Florida, Inc., 529 So.2d 335 (Fla. 4th DCA 1988).
The motion to disqualify the circuit judge in the instant matter was signed only by movant's counsel and his secretary. Although the moving party is not a natural person, nevertheless someone with authority to speak for the corporation (other than counsel) must attest to the motion or execute an accompanying affidavit. Owens-Corning Fiberglas Corp. v. Parsons, 644 So.2d 340 (Fla. 1st DCA 1994).
As the motion for disqualification was not in compliance with Florida Rule of Judicial Administration 2.160(c), petitioner has failed to demonstrate error in the trial judge's denial of the motion. Accordingly, the petition for writ of prohibition is hereby denied.
PETITION DENIED.
BOOTH, ALLEN and LAWRENCE, JJ., concur.
NOTES
[1] We are unable to determine whether the motion was timely filed. See HIP Health Plan of Florida, Inc. v. Griffin, 757 So.2d 1272 (Fla. 4th DCA 2000). We find it unnecessary to reach this issue, however, in light of our denial of relief on other grounds.