PER CURIAM.
We grant the petition seeking to prohibit the trial judge from continuing to preside in this cause.
Petitioners, Marvin E. Marshall and Alpha 2001, Inc., filed a motion to disqualify the trial court judge, based on comments he allegedly made at a motion calendar hearing. According to the motion, the judge expressed bias against petitioners’ counsel, angrily denouncing their “tactics” and deriding them as substandard “Miami Lawyers,” who “may get away with it in Miami but not up here.” The motion further stated that the judge’s hostile treatment of petitioner’s attorney and open display of contempt for him and Miami lawyers in general caused counsel and their clients to have a well-grounded fear that they would not receive a fair hearing from the judge.[1]
Rule of Judicial Administration 2.160(c) requires that the motion to disqualify be “sworn to by the party by signing the motion under oath or by a separate affidavit.” Failure to support the motion with the party’s sworn signature or affidavit has been found to be a basis for denial of the motion. See Wal-Mart Stores, Inc. v. Carter, 768 So.2d 21, 22 (Fla. 1st DCA 2000)(citing Gaines v. State, 722 So.2d 266 (Fla. 5th DCA 1998); Cardinal v. Wendy’s of S. Fla., Inc., 529 So.2d 335 (Fla. 4th DCA 1988)). Here, the motion to disqualify was not signed under oath by petitioners. However, it was accompanied by an affidavit of the individual petitioner, Marshall, stating that, based on the sworn *457 allegations of other witnesses to the judge’s remarks and demeanor at the hearing, he feared he would not receive a fair trial. Petitioner’s motion attached affidavits from his attorney and two disinterested attorneys who were present at the calendar call on unrelated matters. The affidavits gave a detailed account of the judge’s disparaging remarks about petitioners’ attorney and Miami lawyers, his angry demeanor, and hostile treatment of petitioners’ counsel at the motion calendar.
In addition, the motion and affidavit filed by counsel for petitioners chronicled court proceedings that led up to the motion calendar hearing. A few days before, petitioners had appeared before the judge for an evidentiary hearing on their motion to set aside a default judgment. They had also unsuccessfully sought a telephonic hearing on discovery motions filed by respondents. To show the context in which the comments arose, petitioners included a transcript of the default hearing in their appendix to the petition for writ of prohibition. See Ellis v. Henning, 678 So.2d 825 (Fla. 4th DCA 1996)(holding that allegations that the judge treated plaintiffs’ counsel with disdain, animosity, and hostility must be accompanied by a transcript of the hearing or sworn factual allegations concerning the context in which the alleged comments arose).
We do not find that petitioners’ failure to sign the motion to disqualify under oath or to file an affidavit personally attesting to the judge’s conduct at the hearing renders the motion insufficient under rule 2.160(c). The affidavit of the individual petitioner, Marshall, asserting his fear that he would not receive a fair trial, based on sworn factual allegations of other witnesses to the judge’s comments and conduct at the hearing, provides sufficient support for the motion. See Mitchell v. State, 642 So.2d 1108 (Fla. 4th DCA 1994)(holding that defendant’s failure to sign a motion to disqualify the trial judge in a probation revocation proceeding was not fatal to the motion where critical facts supporting disqualification were established by defense counsel’s affidavits and the transcript of hearing, and no affidavit from defendant himself would have added to or detracted from the basis for defendant’s fear that he would not receive a fair hearing from the judge).
We further determine that the motion to disqualify is legally sufficient in that the alleged facts demonstrate that petitioners have a well-founded fear that they will not receive a fair hearing from the presiding judge. See Levine v. State, 650 So.2d 666 (Fla. 4th DCA 1995)(noting that the test of legal sufficiency of a motion for judicial disqualification based on prejudice is whether the facts alleged would place a reasonably prudent person in fear of not receiving a fair and impartial trial).
PROHIBITION GRANTED.
STONE, TAYLOR and HAZOURI, JJ., concur.

. In determining whether the allegations are sufficient on a motion to disqualify a circuit judge, the facts must be taken as true and must be viewed from the movant’s perspective. Smith v. Santa Rosa Island Auth., 729 So.2d 944 (Fla. 1st DCA 1998).