990 So.2d 1231 (2008)
CLARENDON NATIONAL INSURANCE COMPANY, Petitioner,
v.
Elvis SHOGREEN, Respondent.
No. 3D08-1750.
District Court of Appeal of Florida, Third District.
September 24, 2008.
*1232 Josephs Jack and Susan S. Lerner, for petitioner.
Mark J. Feldman, for respondent.
Before WELLS, ROTHENBERG, and SALTER, JJ.
ROTHENBERG, Judge.
The petitioner, Clarendon National Insurance Company ("Clarendon"), seeks a writ of prohibition directed to a panel member of the circuit court, sitting in her appellate capacity, to review a judicial order of the county court. The order under review, dated June 20, 2008, is the denial of Clarendon's motion for disqualification as moot by the panel member to whom the motion was directed. We quash the order denying the motion and resubmit the cause to the panel member for further consideration consistent with this opinion.
At the outset, we note that the panel member erred in denying Clarendon's motion for disqualification as moot. The panel's per curiam decision in the underlying case was not rendered until June 26, 2008, six days after the panel member's denial of Clarendon's motion to disqualify. A judicial determination of the issue presented in Clarendon's motion whether the panel member was eligible to preside over the casemay have had a substantial effect upon the outcome of the proceedings. Accordingly, the motion was not moot. See Godwin v. State, 593 So.2d 211, 212 (Fla.1992) ("An issue is moot when the controversy has been so fully resolved that a judicial determination can have no actual effect.").
Next, we pause to summarize the two different legal standards employed in Florida to resolve motions to disqualify trial court and appellate-level judges. The *1233 standard applicable to a motion to disqualify a trial judge provides as follows:
[A] party seeking to disqualify a judge need only show "a well grounded fear that he will not receive a fair trial at the hands of the judge. It is not a question of how the judge feels; it is a question of what feeling resides in the affiant's mind and the basis for such feeling."
Livingston v. State, 441 So.2d 1083, 1086 (Fla.1983) (quoting State ex rel. Brown v. Dewell, 131 Fla. 566, 179 So. 695, 697-98 (1938)). When a motion satisfies this requirement, it is legally sufficient and the trial court judge must grant the motion and proceed no further. MacKenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332, 1339 (Fla.1990); see also Fla. R. Jud. Admin. 2.330 (outlining the procedures applicable to a motion to disqualify a trial judge of the circuit and county courts).
On the other hand, when a litigant seeks to disqualify a justice of the Florida Supreme Court or a judge of a district court of appeal, a different, more personal standard applies. That standard was enunciated by the Florida Supreme Court in In re Carlton, wherein the Court held that "each justice must determine for himself both the legal sufficiency of a request seeking his disqualification and the propriety of withdrawing in any particular circumstances." 378 So.2d 1212, 1216 (Fla.1979) (On Request for Disqualification) (emphasis added); see also 5-H Corp. v. Padovano, 708 So.2d 244, 245-46 (Fla.1997) (noting with approval the First District's application of the Carlton standard when that court's appellate-level judges were faced with a court-wide motion for disqualification).
In the instant case, the determinative question is which of the two abovementioned standards should be employed to resolve Clarendon's motion to disqualify a panel member of the circuit court sitting in its appellate capacity. That question cannot be answered without determining whether the panel member in this case should be classified as a trial judge or an appellate judge, because that determination will dictate which standard to apply. See, e.g., Carlton, 378 So.2d at 1216 (On Request for Disqualification) (noting that Florida's disqualification statutes apply only to trial judges, not appellate judges). For the reasons stated below, we hold that for the purposes of a motion to disqualify a member of a three-judge appellate panel of the circuit court, reviewing a judicial decision of the county court, the applicable standard is that which is applied to a justice of the Florida Supreme Court and a judge of a district court of appeal.
Florida Rule of Judicial Administration 2.130 states that "[t]he Florida Rules of Appellate Procedure shall control all proceedings in the supreme court and the district courts, and all proceedings in which the circuit courts exercise their appellate jurisdiction, notwithstanding any conflicting rules of procedure." Because the circuit courts exercising their appellate jurisdiction are subject to the procedural rules of the appellate courts, it is clear that the role circuit judges assume when sitting in their appellate capacity is different from the role they fulfill as trial judges. In contrast to the differences between the role of a trial judge and that of a three-judge panel of the circuit court sitting in its appellate capacity, are the striking similarities between these three-member panels of the circuit court and appellate-level judges.
On review of a judicial decision of a county court, the tasks assigned to these appellate panels are virtually indistinguishable from the tasks carried out by other appellate judges across Florida. The three-judge appellate panels of the circuit court are constituted at random. These *1234 panels hear oral arguments, apply the relevant standard of review, consult with each other, and when appropriate, issue written opinions. Because the agreement of two judges is required for a decision, the likelihood that the bias of one judge will affect the outcome of the case is greatly reduced. In sum, the essential task of a circuit court judge sitting on a three-judge appellate panel is to function as an appellate-level judge.
Furthermore, although the Florida Rules of Appellate Procedurewhich govern appellate panels of the circuit courtare silent regarding motions to disqualify appellate judges, the rule of procedure applicable to appellate judges facing disqualification is found in Carlton, and ought to apply "notwithstanding any conflicting rule[] of procedure." Fla. R. Jud. Admin. 2.130. Florida Rule of Judicial Administration 2.330, entitled "Disqualification of Trial Judges," when viewed in the context of the instant case, must be viewed and disregarded as a conflicting rule of procedure. Accordingly, we conclude that when a member of an appellate panel of the circuit court reviewing a judicial decision of the county court is presented with a motion to disqualify, the panel member should individually consider and rule on the motion pursuant to the legal standard outlined in Carlton.
In reaching this conclusion, we are mindful of the First District's decision in Smith v. Santa Rosa Island Authority, 729 So.2d 944 (Fla. 1st DCA 1998). In Smith, the district court held that when a single circuit court judge, sitting in his or her appellate capacity considers a petition for writ of certiorari regarding a decision of a county agency following a quasi-judicial hearing, a motion to disqualify that judge must be resolved pursuant to the trial judge standard. Id. at 946. The Smith case, however, is distinguishable from the situation presented herein. In Smith, the reviewing circuit court judge was acting alone, and any bias on the part of that judge could, by definition, dramatically affect the outcome of the case and would, therefore, require disqualification, whereas, in the instant case, the motion to disqualify was directed to a single member of the three-member appellate panel. We, therefore, find that our holding in this case does not conflict with the First District's holding in Smith.
We therefore quash the order denying Clarendon's motion to disqualify the panel member as moot, and without commenting on the legal sufficiency of the motion to disqualify the panel member, we resubmit the motion to that panel member for a ruling on the motion to disqualify pursuant to the Carlton standard.
Order quashed; remanded.