1 So.3d 366 (2009)
CLARENDON NATIONAL INSURANCE COMPANY, Petitioner,
v.
Elvis SHOGREEN, Respondent.
No. 3D08-2818.
District Court of Appeal of Florida, Third District.
January 28, 2009.
*367 Josephs Jack and Susan S. Lerner, Miami, for petitioner.
Mark J. Feldman, Miami, for respondent.
Before CORTIÑAS and SALTER, JJ., and SCHWARTZ, Senior Judge.
PER CURIAM.
The petitioner seeks a writ of prohibition quashing both (1) a decision by three circuit judges of the circuit court appellate division who participated in a per curiam affirmance of a county court judgment against the petitioner, and (2) an order in which one of the three judges denied the petitioner's motion to disqualify her. We deny the petition.
The county court judgment affirmed by the three-judge panel was for a personal injury protection claim for an amount of approximately $2400. One of the three appellate division panel members, years earlier and while in private practice, signed a county court small claims complaint (alleging damages between $100 and $500) against the petitioner. Her husband and then-partner in the small law firm sought sanctions against the petitioner and allegedly expressed an intention to put the petitioner out of business.
In the later case heard by the judge and her two circuit court colleagues, the petitioner did not learn which judges would comprise the appellate division panel until the day of argument on the appeal, but moved a few days later to disqualify that judge. Because the panel had already reached its decision to affirm the county court judgment, the circuit judge who was sought to be disqualified denied the motion to disqualify as moot. The petitioner sought prohibition here, and a prior panel of this Court quashed the order. Clarendon Nat'l Ins. Co. v. Shogreen, 990 So.2d 1231 (Fla. 3d DCA 2008).
The prior opinion determined that the motion to disqualify should not have been denied as moot, and it explained that the motion should be considered under the separate procedure applicable to appellate judges rather than the procedure applicable to circuit judges in their capacity as trial judges. Fla. R. Jud. Admin. 2.130; In re Estate of Carlton, 378 So.2d 1212, 1216 (Fla.1979). Under that procedure, the judge in question must determine for herself both the legal sufficiency of the request for disqualification and "the propriety of withdrawing in any particular circumstances." Carlton, 378 So.2d at 1216.
After the issuance of our prior opinion, the appellate division judge reconsidered the motion to disqualify and denied the motion. The petitioner then filed a second petition for writ of prohibition directed to that second order. The second petition also sought to quash the per curiam affirmance and to require the assignment of the appeal to a new panel of the circuit court appellate division.
We now deny that second petition. The litigants are headed toward the third anniversary of a county court case against an insurer for a claim of approximately $2400. Employing the standard of review *368 for disqualification of an appellate judge, we deny the petition on the authority of Carlton. Even assuming the appellate judge's spouse stated that he intended to "put Clarendon out of business," a $2400 claim could hardly achieve this. We are also mindful of the petitioner's delay in seeking disqualification of the appellate judge.
Petition denied.
CORTIÑAS and SALTER, JJ., concur.
SCHWARTZ, Senior Judge (dissenting).
After Clarendon National Insurance Co. v. Shogreen, 990 So.2d 1231 (Fla. 3d DCA 2008), was decided, the appellate judge in question refused to recuse herself from the appeal. In my judgment, the antagonism and antipathy of the judge and her ex-partner-spouse towards the petitioner, as demonstrated by the record, which included, among other things, a statement by her husband that as a result of Clarendon's actions in defense of a suit brought by their law firm "he intended to `put Clarendon out of business,'" makes it impossible to sustain that ruling.[1] Hence, I would grant prohibition. See 5-H Corp. v. Padovano, 708 So.2d 244 (Fla.1997) (treating the merits of an appellate judge's denial of motion to recuse by application for prohibition); see generally Aetna Life Ins. Co. v. Lavoie, 475 U.S. 813, 106 S.Ct. 1580, 89 L.Ed.2d 823 (1986) (finding justice's refusal to recuse in case in which he had a personal interest a denial of due process). Cf. Caperton v. A.T. Massey Coal Co., Inc., ___ W.Va. ___, ___ S.E.2d ___ (W.Va. Case no. 33350, opinion filed, April 3, 2008), cert. granted, ___ U.S. ___, 129 S.Ct. 593, ___ L.Ed.2d ___ (2008).
NOTES
[1] The fact that an action being maintained by the judge's law firm against Clarendon for several months was voluntarily dismissed, without explanation, on the very day argument was held in the appellate division of the circuit court surpasses all innocent explanation.