SCHWARTZ, Senior Judge
(dissenting).
After Clarendon National Insurance Co. v. Shogreen, 990 So.2d 1231 (Fla. 3d DCA 2008), was decided, the appellate judge in question refused to recuse herself from the appeal. In my judgment, the antagonism and antipathy of the judge and her ex-partner-spouse towards the petitioner, as demonstrated by the record, which included, among other things, a statement by her husband that as a result of Clarendon’s actions in defense of a suit brought by their law firm “he intended to ‘put Clarendon out of business,’ ” makes it impossible to sustain that ruling.[1] Hence, I would grant prohibition. See 5-H Corp. v. Padovano, 708 So.2d 244 (Fla.1997) (treating the merits of an appellate judge’s denial of motion to recuse by application for prohibition); see generally Aetna Life Ins. Co. v. Lavoie, 475 U.S. 813, 106 S.Ct. 1580, 89 L.Ed.2d 823 (1986) (finding justice’s refusal to recuse in case in which he had a personal interest a denial of due process). Cf. Caperton v. A.T. Massey Coal Co., Inc., — W.Va.-, — S.E.2d -(W.Va. Case no. 33350, opinion filed, April 3, 2008), cert. granted, — U.S.-, 129 S.Ct. 593, — L.Ed.2d - (2008).

. The fact that an action being maintained by the judge's law firm against Clarendon for several months was voluntarily dismissed, without explanation, on the very day argument was held in the appellate division of the circuit court surpasses all innocent explanation.