PER CURIAM.
 

 Having considered the appellant’s response to this Court’s order of November 3, 2008, the appeal is hereby DISMISSED for lack of jurisdiction.
 
 See Bennett’s Leasing, Inc. v. First St. Mortgage Corp.,
 
 870 So.2d 93, 98 (Fla. 1st DCA 2003) (holding order entered on a motion to vacate a nonfinal order is not reviewable pursuant to Florida Rule of Appellate Procedure 9.130(a)(5)).
 

 The appellant brought this appeal seeking review of an “Order Denying Relief from Judgment and Closing File,” entered on March 17, 2008. This order ruled on a motion that addressed and sought relief from an “Order Denying Rehearing and Denying Motions for Disqualification,” which had been entered on January 30, 2007. The order on rehearing and disqualification had been entered following the final judgment denying mandamus relief, entered on November 30, 2006.
 

 This Court’s appellate jurisdiction in civil cases is limited to final orders
 
 *393
 
 and nonfinal orders as prescribed by Rule 9.130.
 
 See
 
 Fla. R.App. P. 9.030(b). The order on appeal is neither final nor appeal-able pursuant to Rule 9.130. Orders entered on authorized and timely motions for relief from judgment are immediately ap-pealable pursuant to Rule 9.130(a)(5). However, the appellant’s motion for relief filed below was not such an authorized motion because it was not directed towards a “final judgment, decree, order or proceeding” as required by Florida Rule of Civil Procedure 1.540(b).
 
 Bennett’s Leasing,
 
 870 So.2d at 98. Although a timely motion for rehearing will delay rendition of a final order until an order on the motion has been entered,
 
 see
 
 Fla. R.App. P. 9.020(h), the order on the motion is not a final judgment. Further, a trial court does not have authority to vacate its order on rehearing.
 
 State ex rel. Cantera v. Dist. Court of Appeal, Third Dist.,
 
 555 So.2d 360 (Fla.1990). Therefore, an order on a motion for relief from an order on a motion for rehearing is not appealable under the rule. Similarly, a motion to disqualify the trial judge does not result in a final order.
 
 See generally Klapper-Barrett v. Nurell,
 
 742 So.2d 851 (Fla. 5th DCA 1999);
 
 Cardinal v. Wendy’s of S. Fla.,
 
 529 So.2d 335 (Fla. 4th DCA 1988). Consequently, an order on a motion for relief from an order on a motion to disqualify the trial judge is not appealable under the rule.
 

 The “Appellant [sic] Motion for Extension of time to File Initial Brief,” filed in this Court on November 24, 2008, is hereby denied as moot.
 

 DISMISSED.
 

 BARFIELD, and LEWIS, JJ., concur; ALLEN, J., concurs in judgment.