373 So.2d 436 (1979)
Robert Riggs HAYDEN, Appellant,
v.
Catherine HAYDEN, Appellee.
No. 78-2153.
District Court of Appeal of Florida, Third District.
July 31, 1979.
*437 A.N. Spence, Miami, for appellant.
Saul T. Von Zamft, Coral Gables, and William H. Park, Miami, for appellee.
Before PEARSON, KEHOE and SCHWARTZ, JJ.
KEHOE, Judge.
A circuit court has no jurisdiction to enter an award of attorneys' fees in favor of a party when that party voluntarily dismissed her action and discharged her attorney prior to the order determining attorneys' fees. Accordingly, we reverse.
Catherine Hayden petitioned for dissolution of marriage from her husband, the appellant. While the dissolution proceeding was pending in the circuit court, she wrote several letters to the trial judge, her attorney (Von Zamft) and the clerk's office below in which she stated that she voluntarily dismissed the dissolution proceeding against her husband. In her letter to Von Zamft, she ordered him to cease any further representation and discharged him from the case. Von Zamft then moved to dismiss his former client's petition without prejudice and to withdraw as counsel. He also petitioned for attorney's fees of $5000. The appellant moved to strike the petition for attorneys' fees on the grounds that (a) since the wife voluntarily dismissed her suit, the circuit court was without jurisdiction to further proceed with the action; and (b) since Von Zamft was not a party to the lawsuit, he could not petition for attorneys' fees in his own name.
The circuit court denied the motion to strike and retained jurisdiction of the action at least as to attorneys' fees. Later, by separate order, the circuit court awarded Von Zamft a judgment on attorneys' fees of $3850. The husband now appeals this award.
Our decision to reverse is clearly controlled by the recent opinion of Randall-Eastern Ambulance Service, Inc. v. Vasta, 360 So.2d 68 (Fla. 1978) in which the Supreme Court held that a plaintiff's voluntary dismissal divested the trial court of jurisdiction to subsequently relieve the plaintiff of the dismissal:
"Under the rules governing trial practice in Florida, a plaintiff may voluntarily dismiss his or her lawsuit at practically any time during the course of trial simply by announcing that fact [footnote omitted]. The effect of doing so is to terminate the litigation instantaneously, without prejudice however to plaintiff's commencing a wholly new lawsuit against the same defendant if the right to do so has not been exercised before and is not barred by the statute of limitations."
* * * * * *
"The right to dismiss one's own lawsuit during the course of trial is guaranteed by Rule 1.420(a), endowing a plaintiff with unilateral authority to block action favorable to a defendant which the trial judge might be disposed to approve. The effect is to remove completely from the court's consideration the power to enter *438 an order, equivalent in all respects to a deprivation of `jurisdiction'. If the trial judge loses the ability to exercise judicial discretion or to adjudicate the cause in any way, it follows that he has no jurisdiction to reinstate a dismissed proceeding. The policy reasons for this consequence support its apparent rigidity." Id. at 68-69.
Here, the appellee wife voluntarily dismissed this action as she was entitled to do under Fla.R.Civ.P. 1.420(a). At or about the same time as the dismissal, she discharged her attorney. Once the action was dismissed, the circuit court lost the power to exercise judicial discretion or to adjudicate the cause in any way. It was then without jurisdiction to enter an order awarding attorneys' fees.
An attorney who has been discharged by his client is not without recourse to recover his fee. He may initiate a separate action for that purpose.
Reversed.