PER CURIAM.
This is a post-dissolution of marriage action arising out of an agreement between the appellant wife and appellee husband, which was acknowledged by the trial court in 1976 and made part of the original 1974 dissolution judgment. No appeal was taken from this supplemented judgment, and the agreement entered into by the parties was carried out according to its provisions. Shortly prior to the date terminating the agreement, the appellant wife brought the present Amended Petition to Modify.
Pursuant to the principles stated in Cowen v. Cowen, 95 So.2d 584, 586 (Fla.1957); and Haynes v. Haynes, 71 So.2d 491, 494 (Fla.1954), we affirm the dismissal of the petition. See also Sedell v. Sedell, 100 So.2d 639, 642 (Fla. 1st DCA 1958).
As stated in the appellee husband’s brief:
“If there was judicial error in the 1976 decree it was incumbent upon the wife to timely seek appellate review of that judicial act. Hall v. Hall, 93 Fla. 709, 112 So. 622 (1927). Here, the wife did not seek re-hearing of the 1976 Judgment. Nor did she seek appellate review. Nor did she seek review under Rule 1.540, Florida Rules of Civil Procedure. A judgment in a divorce action is no more subject to collateral attack than a judgment in other equity actions. deMarigny v. deMarigny, 43 So.2d 442 (Fla.1949); MacFadden v. Muckerman, 116 So.2d 448 (Fla. 3d DCA 1959). At no point has the wife addressed herself to the ‘finality’ provisions of the 1976 Judgment, much less asserted error in that Judgment.”
Based upon the cases cited above and the principle of res judicata, we hereby affirm the trial court’s dismissal of the Amended Petition to Modify.
Affirmed.