ALLEN, Judge.
The appellant challenges a judgment entered upon an order granting the appellee’s motion for a directed verdict after the jury returned a verdict for the appellant, and an order denying the appellant’s motion for a new trial. We find that the court should have allowed the appellant to recall a witness for further questioning, as asserted in the motion for a new trial. We conclude that the appellant is thus entitled to a new trial, and that the court therefore should not have entered a judgment for the appel-lee.
The appellant’s negligence complaint alleged that the appellee permitted a carpet cutting tool to remain upon the floor in the aisle of a retail store, and that the appellant was injured when she tripped on the cutting tool and fell. At trial the appellant called the appellee’s sales manager as a witness and elicited testimony as to the circumstances .under which the cutting tool was used. The witness indicated that he did not know who had left the tool in the aisle. He testified that store employees sometimes assisted customers in using the tool, but that there were situations when customers might use the tool without assistance. The witness was briefly questioned regarding a pretrial deposition at which he had identified only store employees as having access to the tool. The witness explained that he thought the inquiry at deposition concerned only store employees.
After presenting other evidence, the appellant asked to recall the store manager for more specific questioning as to the han *1096 dling of the cutting tool. The court suggested that the matter might be pursued on rebuttal, and the appellant concluded her case. When the appellee finished presenting its evidence and concluded its case, the appellant renewed her request to recall the sales manager for additional testimony. The court denied this request, and the case was submitted to the jury.
The jury returned a verdict finding that both parties were negligent, and assessing damages. The appellee filed a motion for a directed verdict, asking that the jury verdict be set aside. The appellant filed a motion for a new trial, arguing that the court should have allowed the store manager to be recalled for further testimony. The court granted the appellee’s motion for a directed verdict, finding that there was insufficient evidence to charge the appellee with notice of a dangerous condition. The court entered a judgment for the appellee, and denied the appellant’s motion for a new trial.
A request to reexamine a witness is addressed to the trial court’s discretion. See Jacobs v. State, 396 So.2d 713 (Fla.1981). . An abuse of discretion has been found in various circumstances involving the refusal to permit additional evidence. See e.g., Buckingham v. Buckingham, 492 So.2d 858 (Fla. 1st DCA 1986); Bieley v. Bieley, 398 So.2d 932 (Fla. 3d DCA), rev. denied, 411 So.2d 380 (Fla.1981); Akins v. Taylor, 314 So.2d 13 (Fla. 1st DCA 1975). In the present case the appellant asked to reexamine the appellee’s sales manager after this witness presented testimony at trial which differed from the witness’ deposition answers regarding who might have used the cutting tool. This was extremely important testimony, as the appellee’s knowledge and control of the tool’s location were crucial aspects of the appellant’s case. In light of these circumstances, and the appellant’s apparent surprise at the trial testimony, we conclude that the court abused its discretion in declining to permit the appellant to reexamine the witness. Having failed to permit such reexamination, the court erred by denying the appellant’s motion for a new trial.
Because the appellant is entitled to a new trial at which additional evidence may be presented, we decline to address the alternative argument on appeal as to the sufficiency of the evidence in this proceeding. We reverse the judgment entered for the appellee upon the order granting the appel-lee’s motion for a directed verdict, and the order denying the appellant’s motion for a new trial, and we remand the cause for further proceedings.
BARFIELD, J., concurs.
ZEHMER, J., concurs with written opinion.