693 So.2d 1061 (1997)
Judy NATHANSON, Petitioner,
v.
Theodore NATHANSON and Honorable Julie Koenig, Circuit Judge of the Seventeenth Judicial Circuit In And For Broward County, Florida, Respondents.
No. 96-3418.
District Court of Appeal of Florida, Fourth District.
May 14, 1997.
Andrew M. Scherman, Sarasota, for petitioner.
Paul R. Marcus, Miami, for respondent-Theodore Nathanson.

ON MOTION FOR REHEARING
WARNER, J.
We withdraw our previously issued opinion and substitute the following in its place.
*1062 The wife filed this petition for writ of prohibition challenging the jurisdiction of the trial court to consider the husband's motion to vacate a voluntary dismissal of their dissolution of marriage action and further seeking to disqualify the trial judge from any further proceedings in this case. We grant the writ as to the disqualification but deny the writ as to the jurisdiction of the court to consider the husband's motion to vacate.
The parties entered into a joint stipulation to dismiss the dissolution of marriage action that the petitioner/wife had filed. A guardian ad litem for the parties' child had been appointed, and she filed a report recommending that the voluntary dismissal be vacated. Thereafter, the husband moved to withdraw his stipulation.[1] The trial court granted the motion to vacate on the ground that the guardian was not a party to the voluntary dismissal.
The trial court was in error in concluding that the guardian ad litem was required to join in the stipulation for dismissal. Under the family court rules, dissolution actions may be voluntarily dismissed by the party or parties seeking affirmative relief. Fla. Fam. L.R.P. 12.420. There is no requirement for judicial approval or for joining non-spouse parties, even though the best interests of minor children may be affected by the dismissal.
However, the error in requiring the guardian's approval did not result in the trial court's losing jurisdiction over the case. The filing of the voluntary dismissal did not divest the trial court of jurisdiction for the limited purpose of considering the husband's motion to vacate the dismissal. See Lee & Sakahara Assocs., AIA, Inc. v. Boykin Management Co., 678 So.2d 394 (Fla. 4th DCA 1996), rev. denied, 689 So.2d 1070 (Fla.1997). Thus, the petition is denied to this extent.[2]
The petition is granted insofar as it seeks to disqualify the trial judge. The motion was legally sufficient in several respects. It alleged that the judge began to rule against the wife without ever affording the wife an opportunity to respond. This was a ground for this same judge's disqualification in Wargo v. Wargo, 669 So.2d 1123 (Fla. 4th DCA 1996). Furthermore, the judge allowed the guardian to respond to the truth or falsity of allegations in the motion to disqualify. The judge must rule on the legal sufficiency of the motion without passing on its truth or falsity. Fla. R. Jud. Admin. 2.160(f). Even permitting a third party to offer testimony or explanations of the judge's conduct is not allowed. The motion to disqualify should have been granted.
We therefore grant the petition for writ of prohibition to the extent that respondent judge should be disqualified from presiding over any further aspect of this case. We deny the petition as to the subject matter jurisdiction of the court to either hear the motion to vacate the dismissal or find that it has been withdrawn. However, because a new judge will be appointed to hear the case, the wife may move for reconsideration of any prior rulings pursuant to Florida Rule of Judicial Administration 2.160(h) and consistent with this opinion.
KLEIN, J., concurs.
STONE, J., concurs specially with opinion.
STONE, Judge, concurring specially.
I fully concur but take this opportunity to comment further with regard to the recusal requirement. I caution against construing our opinion as adopting some sort of per se rule requiring a recusal solely upon an allegation, without more, that a court began to rule on a matter without having heard from the other side. Certainly there are circumstances in which such might occur that, on the face of the motion or affidavit, would not mandate recusal. Similarly, there are potential *1063 scenarios in which opposing counsel, in responding to an opponent's motion to recuse, might comment on the truth or falsity of the allegations without invitation by the court. Not every such circumstance mandates recusal, notwithstanding that it is obviously improper for counsel to argue a matter that may not be considered by the court. In each circumstance, the totality of the sworn motion or affidavit(s) must be considered in weighing the legal sufficiency of the motion to recuse. Here, the totality of the content of the sworn motion to disqualify and the transcript of the hearing on the motion were legally sufficient to require recusal.
NOTES
[1] The husband has now withdrawn his objection to the dismissal.
[2] Under our decision in Shienvold v. Habie, 627 So.2d 1203 (Fla. 4th DCA 1993), even the guardian could move to vacate the voluntary dismissal pursuant to Florida Rule of Civil Procedure 1.540(b), provided the proper grounds are alleged. That decision considered an earlier version of the law under which a guardian did not have party status in a dissolution action. Compare § 61.401, Fla. Stat. (1993), with § 61.401, Fla. Stat. (1995).