810 So.2d 979 (2002)
Maria AMATO, Appellant,
v.
WINN DIXIE STORES/SEDGWICK JAMES, Appellee.
No. 1D00-4527.
District Court of Appeal of Florida, First District.
February 12, 2002.
Rehearing Denied March 26, 2002.
*980 David J. Gerhardt, Miami Shores, for Appellant.
Kara Berard Rockenbach, of Gaunt, Pratt, Radford & Methe, West Palm Beach, for Appellee.
BROWNING, J.
Maria Amato (Appellant), the claimant in this workers' compensation proceeding, appeals a preliminary order of the Judge of Compensation Claims (JCC) denying her motion for disqualification[1] and a final order on the merits denying her claims for supplemental benefits, permanent total disability benefits together with supplemental payments, treatment at a pain clinic, *981 and penalties and interest. Concluding that the motion to disqualify the JCC is legally sufficient and should have been granted, we reverse the final order on the merits and remand for further proceedings to be reassigned to another JCC. Fla. R. Work. Comp. P. 4.155(b).
Appellees, the Employer/Servicing Agent (E/SA), contend that the motion for disqualification was untimely filed; alternatively, the E/SA assert that if it was timely, the order is legally insufficient. Whether a motion to disqualify a trial judge was timely filed generally will involve a factual determination and, thus, is reviewed under the competent substantial evidence standard. Swanigan v. Dobbs House, 442 So.2d 1026 (Fla. 1st DCA 1983). On the other hand, the motion's allegations are reviewed under the de novo standard as to whether the motion is legally sufficient as a matter of law, so that we need not defer to the trial court on questions of law. § 38.10, Florida Statutes (1999); Armstrong v. Harris, 773 So.2d 7 (Fla.2000); Sume, 773 So.2d at 602; Rittman v. Allstate Ins. Co., 727 So.2d 391 (Fla. 1st DCA 1999).
A motion for disqualification of a JCC is to be made and determined pursuant to Florida Rule of Judicial Administration 2.160. Fla. R. Work. Comp. P. 4.155(a). "Any party" can seek disqualification of the JCC assigned to the case "on grounds provided by rule, by statute, or by the Code of Judicial Conduct." Fla. R. Jud. Admin. 2.160(b). As to the issue of timeliness, the pertinent rule requires the motion to be made "within a reasonable time not to exceed 10 days after discovery of the facts constituting the grounds for the motion and ... promptly presented to the court for an immediate ruling." Fla. R. Jud. Admin. 2.160(e).
The facts giving rise to the motion, as found by the JCC, are as follows. Following a final merits hearing on July 27, 2000, the JCC granted leave for the E/SA to take a post-hearing deposition of their vocational expert by September 1. Appellant was permitted to advise, by September 15, as to her intention to present rebuttal evidence. Before all the evidence had been presented (and before the vocational expert had been deposed), the JCC reviewed what evidence had been submitted and entered a final order on the merits August 23, denying Appellant's entire claim. Appellant's counsel did not receive a copy of that order from the JCC, apparently due to an error in the mail system. By letter of August 25, E/SA's counsel advised the JCC that the deposition of the vocational expert was scheduled for August 29, and the JCC was asked whether the final merits order should be vacated under the circumstances. The JCC vacated the premature final order on the merits on August 30. On September 6, Appellant's attorney received a faxed copy of the premature order from Appellant, who apparently had not advised her attorney earlier about receiving the order because she reasonably assumed that counsel had received a copy as well. In a sworn affidavit on September 9, Appellant stated that she had first become aware of the facts constituting grounds for a motion for disqualification of the JCC fewer than 10 days earlier. Appellant, who is an Italian national who immigrated to the United States, explained that she did not know how to read English and did not understand the pertinent legal documents until her lawyer explained them to her. Appellant's counsel filed the motion to disqualify the JCC on September 13. At the hearing on the motion for disqualification, counsel for the E/SA challenged the motion to disqualify initially on the ground of untimeliness. Acknowledging Appellant's difficulty with the English language and lack of legal sophistication, the JCC determined that the motion to disqualify was *982 timely filed after the discovery of the alleged facts constituting the basis of her motion. We agree that competent substantial evidence demonstrates the motion was timely filed under Rule 2.160(e).
As to the allegational requirements, the pertinent rule states that "[a] motion to disqualify shall show ... that the party fears that he or she will not receive a fair trial or hearing because of specifically described prejudice or bias of the judge." Fla. R. Jud. Admin. 2.160(d)(1). The instant motion alleged that because the JCC issued a purported final order on the merits before all the evidence had been presented, Appellant "reasonably believes that the JCC has prejudged the case"; and that despite the vacating of the premature order, Appellant "believes it is highly unlikely that a subsequent order by the same judge will be any different." Cf. LeBruno Aluminum Co., Inc. v. Lane, 436 So.2d 1039 (Fla. 1st DCA 1983) (deputy commissioner's remark, after hearing testimony of claimant but before hearing any of employer/carrier's evidence, that he already had made up his mind to award benefits and attorney's fees to claimant based on employer/carrier's bad-faith handling of claim, demonstrated lack of fair, impartial hearing and constituted reversible error). Appellant alleged that she "reasonably believes it would be futile to present evidence to rebut the e/sa's vocational expert when the JCC denied the entire claim without even considering that evidence in the first place." Likewise, Appellant contended it would be unavailing to respond to the E/SA's trial memorandum in light of the JCC's already having denied the claim without affording Appellant an opportunity to respond in writing. Nathanson v. Nathanson, 693 So.2d 1061 (Fla. 4th DCA 1997) (on mot. for reh'g) (granting petition for writ of prohibition to disqualify trial judge based on allegations that court began to rule against wife in dissolution proceeding without ever affording her an opportunity to respond). Appellant concluded that the sequence of events (the essential aspects of which are undisputed) "demonstrate prejudice because the JCC ruled against the claimant before hearing all of the evidence." On those grounds, Appellant claimed to have "a well-grounded fear that she will not receive a fair trial" in any further proceedings under that JCC. The motion was supported by Appellant's affidavit as well as her attorney's certification that the motion was made in good faith and not for the purpose of delay. Fla. R. Jud. Admin. 2.160(c).
The pertinent rule expressly limits the scope of review by the JCC against whom disqualification is directed under subdivision (d)(1):
(f) Determination____Initial Motion. The judge against whom an initial motion to disqualify under subdivision (d)(1) is directed shall determine only the legal sufficiency of the motion and shall not pass on the truth of the facts alleged. If the motion is legally sufficient, the judge shall immediately enter an order granting disqualification and proceed no further in the action. If any motion is legally insufficient, an order denying the motion shall immediately be entered. No other reason for denial shall be stated, and an order of denial shall not take issue with the motion.
Fla. R. Jud. Admin. 2.160(f). Whether the motion is legally sufficient involves a determination as to whether the alleged facts would give a reasonably prudent person a well-founded fear of not receiving a fair and impartial trial. MacKenzie v. Super Kids Bargain Store, 565 So.2d 1332 (Fla. 1990). "The term `legal sufficiency' encompasses more than just technical compliance with the rule and the statute; the court must also determine if the facts alleged (which must be taken as true) would *983 prompt a reasonably prudent person to fear that he could not get a fair and impartial trial." Hayslip v. Douglas, 400 So.2d 553, 556 (Fla. 4th DCA 1981). "It is not a question of how the judge feels; it is a question of what feeling resides in the affiant's mind, and the basis for such feeling." State ex rel. Brown v. Dewell, 131 Fla. 566, 179 So. 695, 697-98 (1938). In the order denying the motion for disqualification, the JCC stated that the premature August 23 final order on the merits had been entered based on "the mistaken assumption that all evidence had been presented." The JCC concluded that his prior adverse ruling is not an adequate ground for disqualification. Accordingly, the motion was denied.
We conclude that Appellant's motion to disqualify the JCC is legally sufficient, i.e., the facts alleged would place a reasonably prudent person in fear of not receiving a fair and impartial proceeding because the trial judge had prejudged the case before all the evidence was presented. Smith v. Santa Rosa Island Auth'ty, 729 So.2d 944 (Fla. 1st DCA 1998); Barnett v. Barnett, 727 So.2d 311 (Fla. 2d DCA 1999) (although a judge may form mental impressions and opinions in the course of hearing evidence, it is improper to prejudge the case). "The question of disqualification focuses on those matters from which a litigant may reasonably question a judge's impartiality rather than the judge's perception of his ability to act fairly and impartially." Livingston v. State, 441 So.2d 1083, 1086 (Fla.1983). The unusual and unfortunate sequence of events involved here, caused by the inadvertence of the JCC, encroached upon Appellant's fundamental right to due process of law, including the right to cross-examine witnesses and to present rebuttal evidence. Coxwell v. State, 361 So.2d 148 (Fla.1978). By prematurely ruling on the merits before the E/SA's vocational expert testified, and before the parties rested, the JCC effectively denied due process to Appellant, and the JCC's withdrawal of the final merits order did not remove such perceptions from Appellant's mind. While the E/SA note that the JCC eventually discounted some of the testimony that was intended to support the E/SA's position, and suggest that any error related to the premature ruling is harmless, this conclusion is based on hindsight that obviously was unavailable to Appellant when the motion to disqualify was filed and, thus, has no relevance to Appellant's fears at the time the motion was filed. Our conclusion should not be construed as adopting a per se rule mandating disqualification solely upon the allegation, by itself, that the trial court ruled on a matter without having heard from the other side. Hastings v. State, 788 So.2d 342 (Fla. 5th DCA 2001); Nathanson, 693 So.2d at 1062-63 (Stone, J., concurring specially); Rives v. Logan, 611 So.2d 599 (Fla. 2d DCA 1993); Gieseke v. Grossman, 418 So.2d 1055 (Fla. 4th DCA 1982). Given our ruling on the threshold issue of the motion for disqualification, we do not address the merits of the workers' compensation claim.
The final order on the merits is REVERSED, and the case REMANDED, with instructions that a different JCC be assigned to all further proceedings.
LEWIS, J., concurs; PADOVANO, J. dissents with opinion.
PADOVANO, J., dissenting.
I respectfully dissent. In my view, the claimant had no reason to suspect that the judge of compensation claims would be unfair to her.
The judge mistakenly ruled on the merits of the case before considering written evidence that was to be submitted after the hearing. Evidently, he overlooked the fact that he had previously granted the employer the right to submit a post-hearing *984 deposition of a vocational expert and that he had offered the claimant an opportunity to respond with additional written evidence. When the judge learned of his mistake he promptly vacated the order and prepared to consider the case again in light of the additional evidence.
A reasonable person would take this to mean that the judge was willing to start over with an open mind. That was not the case here. The claimant says that the error in rendering the decision prematurely reveals a potential bias on the part of the judge. It seems more likely to me, however, that this is an argument of convenience that merely capitalizes on the judge's error. What the claimant really wants is a chance to try the case before a judge who might be more receptive to her claim.
The majority has determined that the claimant had a reasonable fear that the judge could not be fair because he had "prejudged" the case. With all due respect, I think that this decision gives too little credit to trial judges. It assumes that trial judges are motivated by a desire to protect their initial conclusions about a case, and that they are incapable of changing those conclusions even when it becomes clear that they did not have all of the facts. The error in this assumption is demonstrated in our courts and administrative tribunals on a regular basis.
If the point made in the majority opinion were correct, a judge who grants a motion for rehearing in a civil case could easily be disqualified from presiding over the second trial. Someone would always be able to say that the judge having once announced a decision, has therefore shown a bias or predisposition before the final ruling. Yet, even the most opportunistic litigant would not seek to disqualify a judge who has granted rehearing. Litigants know that judges are professional fact finders. They expect them to reconsider decisions that were not fully informed and they trust them to do that fairly.
Lawyers and judges have this expectation, as well. When a trial court is reversed on appeal for improperly granting a summary judgment or for making an erroneous ruling in a nonjury trial, the appellate court does not ordinarily require that a new judge be assigned on remand. Instead, the original trial judge is presumed to be capable of setting aside previously held notions about the case, and deciding it fairly, once again. The same is true here. The litigants and the lawyers should have been able to assume that the judge was capable of treating them fairly once he discovered the mistake and decided to consider the case again.
Finally, it does not appear to me that the trial judge "prejudged" the case in the way that term is used in the majority opinion. The judge's actions do not show an unwillingness to hear all of the evidence or a desire to rule a particular way irrespective of the evidence that might be presented. To the contrary, his failure to consider all of the evidence was an inadvertent error which he corrected. This does not show prejudgment in the sense of a bias against a party or a particular argument.
For these reasons, I would hold that the motion for disqualification was correctly denied.
NOTES
[1] Although Appellant's motion was styled "motion to recuse," technically it is a motion for disqualification because it was not the trial judge who sought his own removal. Sume v. State, 773 So.2d 600, 602 (Fla. 1st DCA 2000); Black's Law Dictionary 485 & 1281 (7th ed.1999).