PER CURIAM.
Appellant seeks review of an order modifying his visitation rights with his minor daughter. He argues that the order con- *1131 statutes a denial of due process of law because visitation was neither raised as an issue by the pleadings nor tried by consent, and that the order is not supported by competent, substantial evidence. Having carefully reviewed the record, we conclude that it contains no evidence sufficient to establish either a substantial or material change in circumstances since the entry of the final judgment which initially established Appellant’s visitation rights, or that changing Appellant’s visitation rights would be in the child’s best interest. See, e.g., Teta v. Teta, 297 So.2d 642, 646 (Fla. 1st DCA 1974) (when considering a petition for modification of custody or visitation, a court has less discretion than when entering an original decree; the party requesting the modification must establish that there has been a substantial or material change in circumstances since the entry of the prior order, and that modification will promote the best interest of the child); Perkins v. McKay, 460 So.2d 581, 532 (Fla. 2d DCA 1984) (same; citing Teta). Accordingly, we reverse that portion of the order which modifies Appellant’s visitation rights, and remand with directions to vacate that portion of the order and to reinstate the prior visitation provisions. In light of this disposition, we find it unnecessary to address Appellant’s due process argument.
BOOTH, WEBSTER, and POLSTON, JJ., concur.