977 So.2d 692 (2008)
Zander Lewis KELLY, Former Husband, Appellant,
v.
Clara A. COLSTON, Former Wife, Appellee.
No. 1D07-3594.
District Court of Appeal of Florida, First District.
March 18, 2008.
*693 Suzanne Brownless, Tallahassee, for Appellant.
Ruth Stone, Supervising Attorney, and Daniel Blundy, Certified Legal Intern, FSU College of Law Public Interest Law Center, Tallahassee, for Appellee.
HAWKES, J.
The parties lived together and, several years after the birth of their only child, married. Less than a month later, the wife, pro se, filed for dissolution of marriage. Almost a year later, a hearing Was held before a general magistrate. Ten days after the magistrate filed a report, the wife filed a notice of voluntary dismissal. Twenty days after the voluntary dismissal, the circuit judge entered a final judgment of dissolution of marriage. Approximately one year later, believing the dissolution to be valid, the husband filed a petition to modify the final judgment's terms of custody and visitation. The circuit court held a hearing on the husband's petition and issued its order denying modification of custody, but granting modification *694 of visitation.[1] From this order, the husband appealed.
The issue we must consider is whether the circuit court had jurisdiction to enter the final judgment of dissolution, or any other order, after the wife filed her dismissal. This answer depends on whether the magistrate holding a hearing or filing a report with recommended findings of fact and conclusions of law, constitutes "submission . . . to the court for decision" under Florida Rule of Civil Procedure 1.420. We conclude neither activity by the magistrate constitutes submission. Consequently, the circuit court lacked jurisdiction. Effect Of Voluntary Dismissal On Jurisdiction

Effect Of Voluntary Dismissal On Jurisdiction
Under the Family Rules of Procedure, a voluntary dismissal of a petition for dissolution is governed by Florida Rule of Civil Procedure 1.420. See Fla. R. Fam. P. 12.420. This rule, which allows a petitioner to dismiss a petition, states in part, "an action may be dismissed by plaintiff without order of court . . . before submission of a nonjury case to the court for decision. . . ." Fla. R. Civ. P. Rule 1.420 (emphasis added); see also Tobkin v. State, 777 So.2d 1160, 1163 (Fla. 4th DCA 2001). The petitioner has a nearly absolute right to voluntarily dismiss. See Fears v. Lunsford, 314 So.2d 578 (Fla. 1975). Fears involved a situation where a petitioner's voluntary dismissal was affirmed even though the trial court had orally announced, outside of the jury's hearing, that it would direct a verdict in favor of the defendant. Id.
The effect of a voluntary dismissal prior to submission is immediate, final, and irreversible. It terminates the litigation and instantaneously divests the court of its jurisdiction to enter further orders. See Randle-E. Ambulance Serv., Inc. v. Vasta, 360 So.2d 68 (Fla.1978). This is equally true when the dismissal is taken in a dissolution action. See Hayden v. Hayden, 373 So.2d 436, 438 (Fla. 3d DCA 1979) (holding a dissolution action may be dismissed without leave of the court and, once taken, the court loses jurisdiction and power to exercise discretion or adjudicate the action in any way). A dismissal is effective, even though the best interests of the minor children might be affected. See Nathanson v. Nathanson, 693 So.2d 1061, 1062 (Fla. 4th DCA 1997). Consequently, if the petitioner files a voluntary dismissal before "submission" occurs, any further orders are null and void.
Here, the wife argues the court retained jurisdiction to enter the final judgment because submission occurred when the magistrate took testimony and evidence, or alternatively, submission occurred when the magistrate filed her report. This argument is without merit.

Activity By A Magistrate Is Not Submission
Neither a hearing before the magistrate nor the filing of a magistrate's report constitutes submission. Family law general magistrates, hearings, and reports are governed under Florida Rule of Family Procedure 12.490, which states in part:
(c) . . . Every general magistrate shall perform all the duties that pertain to the office according to the practice of chancery and rules of court and under the direction of the court . . . shall be empowered to administer oaths and conduct hearings. . . . [;] (e) . . . The general magistrate shall file a report that *695 includes findings of fact and conclusions of law, together with recommendations. . . . [; and](f) . . . The general magistrate shall file the report and recommendations and serve copies on all parties. The parties may serve exceptions to the report within 10 days from the time it is served on them. . . . If no exceptions are filed within that period, the court shall take appropriate action on the report. . . .
(emphasis added).
After a magistrate holds a hearing and files a report, the circuit court has the duty to review the entire case file, examine the evidence presented to the magistrate, and determine whether the magistrate's findings of fact and conclusions of law are justified. See DeClements v. DeClements, 662 So.2d 1276, 1282 (Fla. 3d DCA 1995). A hearing by the magistrate or filing of the magistrate's report cannot constitute submission to the court for a decision when these remaining duties must be fulfilled by the circuit court before entering any order.[2] Here, the court had not started its review prior to the wife's filing of the notice of dismissal.

Conclusion
Because the case was not submitted to the court for decision prior to the filing of the voluntary dismissal, the circuit court was divested of jurisdiction. Since the court lacked jurisdiction to enter its dissolution order, it lacked jurisdiction to enter all related subsequent orders.[3] Thus, the final order dissolving the parties' marriage, and all subsequent orders based upon it, were void ab initio. See Dept of Transp. v. Bailey, 603 So.2d 1384, 1386-87 (Fla. 1st DCA 1992) (holding a judgment is void if the court lacked jurisdiction to enter it, and if void, the judgment must' be vacated); Wells v. State, 495 So.2d 1221, 1222 (Fla. 1st DCA 1986) (holding subsequent orders based on a void order were void).
The appeal is hereby DISMISSED, and the January 25, 2005, dissolution order and all other orders subsequent to the voluntary dismissal are VACATED.
POLSTON and THOMAS, JJ., concur.
NOTES
[1] Incidentally, the court's order modifying visitation failed to find the required substantial or material change in circumstances. See Krohn v. Foster, 856 So.2d 1130, 1131 (Fla. 1st DCA 2003); Henderson v. Henderson, 905 So.2d 901, 905 (Fla. 2d DCA 2005); Knipe v. Knipe, 840 So.2d 335 (Fla. 4th DCA 2003).
[2] Rule 12.490(f) also permits the parties to file exceptions. At a minimum, submission requires the close of all proceedings and all opportunities for the parties to make argument, which must include the authorized period in which to file exceptions.
[3] As the laws of Florida do not recognize common law marriage because parties erroneously believe they are married, see § 741.211, Fla. Stat. (2005), and Anderson v. Anderson, 577 So.2d 658, 660 (Fla. 1st DCA 1991), likewise, the laws of Florida are unable to recognize a common law divorce even though the parties may believe they are divorced or hold themselves out as being divorced.