PER CURIAM.
 

 Margaret Sidman appeals an order modifying the visitation arrangement contained in the consent decree she entered into with Louis Marino, III, in 2000. We find that the lower court abused its discretion by modifying visitation without competent, substantial evidence of a substantial change in circumstances.
 
 See, e.g., Jannotta v. Hess,
 
 959 So.2d 378 (Fla. 1st DCA 2007).
 

 Sections 61.13(2)(e) and (3), Florida Statutes, each require, proof that modification of a parenting plan and time-sharing schedule is in the best interests of the child and is based upon a substantial, material, and unanticipated change in circumstances.
 
 See Kelly v. Colston,
 
 977 So.2d 692 (Fla. 1st DCA 2008);
 
 Krohn v. Foster,
 
 856 So.2d 1130 (Fla. 1st DCA 2003);
 
 Buckingham v. Buckingham,
 
 492 So.2d 858 (Fla. 1st DCA 1986). Although the evidence may have shown that increasing the father’s time with the child is in the child’s best interest, there was no evidence of an unanticipated and substantial change in circumstances. The father had merely begun exercising the full visitation rights allowed in the consent decree, and an additional weekly overnight that the mother had agreed to informally. As we have said regarding modification of custody arrangements, allowing an agreement between the parents to provide a basis for modification would discourage parents from making informal, joint decisions for the benefit of their children.
 
 See, e.g., Smoak v. Smoak,
 
 658 So.2d 568 (Fla. 1st DCA 1995).
 

 REVERSED and REMANDED.
 

 BENTON, PADOVANO, and CLARK, JJ., concur.