PER CURIAM.
Telissa A. Brown, the former wife, appeals a final judgment which modifies a previously entered judgment of dissolution. Because there was no showing of a substantial and material change in circumstances, we reverse.
The parties’ agreement as to child custody and support, among other things, was adopted by the trial court in its final judgment of dissolution. Thereafter, the former husband moved to modify that part of the judgment pertaining to custody and child support. The matter was heard by a magistrate who stated in his recommendation:
The Court cannot say that the testimony and evidence presented by the Former Husband, alone, amounts to a substantial and material change in circumstances. However, when the testimony and evidence presented by the Former Husband is combined with the Former Wife’s lack of objection to the Former Husband receiving additional time with the child, the Court finds that this amounts to a substantial and material change in circumstances. Former Wife’s attorney did argue that the Court should not memorialize this extra time-sharing into a separate order when the existing provisions of the parties’ Consent Judgment provides that the parties can allow each other extra time when requested. The Court does not agree with the Former Wife’s attorney’s argument.
The trial court adopted this provision verbatim in its judgment granting modification of child custody and support.
To the extent the magistrate’s report finds that the former wife consented to modification, such a finding is not supported by competent, substantial evidence of record. The former wife did testify that she tried to be accommodating when the former husband asked for additional time, as she wanted the children to have a good relationship with their father. She did not consent to modification, however, as evidenced by her response opposing the motion to modify. The matter was sent to mediation, and no agreement could be reached. She continued to contest modification at the hearing. Further, as argued to the magistrate below, a parent’s consent to extra visitation is not a basis for a modification. See Henderson v. Henderson, 537 So.2d 125, 127 (Fla. 1st DCA 1988); Smoak v. Smoak, 658 So.2d 568 (Fla. 1st DCA 1995); Sidman v. Marino, 46 So.3d 1136 (Fla. 1st DCA 2010). Section 61.13(3), Florida Statutes, requires proof that modification of a parenting plan and time-sharing schedule is in the best interests of the child and is based upon a substantial, material, and unanticipated change in circumstances. See Sidman.
Accordingly, the modification judgment is reversed.
BENTON, VAN NORTWICK, and PADOVANO, JJ., concur.