IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

TED K. BROWN, FORMER
HUSBAND,

Appellant,

v.

VALERIE HAYS BROWN,
FORMER WIFE,

Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-4317

_____/

Opinion filed November 23, 2015.

An appeal from the Circuit Court for Duval County.
Elizabeth A. Senterfitt, Judge.

William S. Graessle and Jonathan Graessle of William S. Graessle, P.A., Jacksonville for Appellant.

Jeanine B. Sasser of Jeanine B. Sasser, P.A., Jacksonville for Appellee.

PER CURIAM.

Ted K. Brown appeals an order substantially denying his supplemental petition to modify time sharing, parental responsibility, and child support. He asks, among other things, that we reverse and remand for a new hearing, with instructions permitting more discovery; for hearings on various contempt motions he filed based

on alleged violations of a 2011 order; and for recalculation of the trial court's child support-related orders. We affirm in part and reverse in part. The trial court did not abuse its discretion in concluding that Mr. Brown failed to demonstrate a substantial, material, and unanticipated change of circumstances as would warrant modification of the existing parenting plan. We reverse, however, insofar as the trial court made four modifications to the parenting plan in the absence of changed circumstances. We also reverse and remand for reconsideration of Mr. Brown's petition to modify child support, including the related final judgment of indirect civil contempt and order of enforcement, because the order's income calculations are not supported by the record.

## Background

Mr. Brown and his former wife Valerie Hays Brown were divorced in 2005. In 2011, the trial court modified their parenting plan and addressed child support for the benefit of their daughter. Among other things, the modified parenting plan gave sole responsibility to Ms. Brown for major decisions affecting the Browns' daughter; ordered the daughter to undergo counseling; increased Mr. Brown's visitation to four overnights; and required the parents to attend separate school events so that they would not be present at the same school event at the same time.

Just a few months later, in May 2011, Mr. Brown filed a petition to amend the modified parenting plan, which he followed with a petition for a downward

modification of his child support obligation. In 2013, Mr. Brown amended and consolidated his parenting plan and child support modification petitions. In June 2014, the trial court held a hearing on Mr. Brown's petitions, and entered an order mostly denying him relief. Mr. Brown then appealed.

<u>Modification of the Parenting Plan</u>

This Court reviews a trial court's decision on whether to modify a parenting plan under an abuse of discretion standard. <u>Wade v. Hirschman</u>, 903 So. 2d 928, 935 (Fla. 2005). This Court has repeatedly held that the modification of a parenting plan requires a substantial, material, and unanticipated change in circumstances and must be in the best interests of the child. <u>Sidman v. Marino</u>, 46 So. 3d 1136, 1137 (Fla. 1st DCA 2010). The demonstration of a change in circumstances is a prerequisite to considering the best interests of the child under section 61.13(2)(c), Florida Statutes. <u>Mesibov v. Mesibov</u>, 16 So. 3d 890, 892 (Fla. 5th DCA 2009); <u>Ogilvie v. Ogilvie</u>, 954 So. 2d 698, 700 n.2 (Fla. 1st DCA 2007).

Mr. Brown's primary contention in support of modifying the parenting plan is that the trial court abused its discretion by excluding a two-and-a-half year-old report filed with the court by the child's former psychotherapist. The trial court decided to exclude the report under section 90.503(2), Florida Statutes, because a privilege attaches to a patient-psychotherapist relationship. Although Mr. Brown contends that the daughter's attorney ad litem waived the privilege, the record shows

that the attorney ad litem merely made a statement to the trial court that she "believed" the privilege had been waived during a deposition, not that she had waived it. In fact, neither parent could have waived the psychotherapist privilege, because the subject matter of the litigation was the child's welfare. Hughes v. Schatzberg, 872 So. 2d 996, 997 (Fla. 4th DCA 2004). And there was no evidence that someone else with authority had waived the privilege. Rather, a court order from April 2012, put the parties on notice that the Browns' daughter's therapy would be off-limits in the litigation by requiring that the psychotherapist assure the daughter that her therapy was "solely for her, not to be used by the Court or either of the parents."

In addition to the psychotherapist's privilege, the trial court also decided to exclude the former psychotherapist's report because it lacked relevance. The report was two-and-a-half years old by the time of the trial. And the Browns' daughter had long since switched psychotherapists and had become a teenager. Under these circumstances, we cannot conclude that the trial court's decision to exclude the report was arbitrary or unreasonable. See Canakaris v. Canakaris, 382 So. 2d 1197, 1203 (Fla. 1980).

While Mr. Brown failed to demonstrate a sufficient change in circumstances to warrant modification of the parenting plan, we agree with his argument that the order below should not have modified the parenting plan. The order revised the plan

4

in four respects: (1) by allowing both parents to attend all of the daughter's school events; (2) by allowing the daughter to choose whether to go to counseling or not; (3) by providing the daughter with unmonitored access to the iPhone which Ms. Brown gave her; and (4) by ordering specific sleeping arrangements in Mr. Brown's house. Modifications to a parenting plan require a prerequisite substantial, material, and unanticipated change in the circumstances. See § 61.13(2)(c), Fla. Stat. Although it appears the trial court made these modifications in an effort to equitably resolve the extensive litigation between the parties, the law requires a threshold change in circumstances before modifying a parenting plan. See Ogilvie, 954 So. 2d at 700 n.2 (Fla. 1st DCA 2007). For this reason, we reverse in part and remand for the trial court to strike these four modifications.[1]

## Modification of Child Support

We next turn to the trial court's consideration of the petition to modify child support. A trial court's denial of a petition to modify child support is also reviewed for abuse of discretion. Fredman v. Fredman, 917 So. 2d 1038, 1042 (Fla. 2d DCA 2006). "In most instances, 'a fundamental prerequisite to bringing an action to modify child support payments is a showing of substantial change of

---

[1] We affirm, however, the trial court's fifth modification turning responsibility for the daughter's annual physical examination over to Ms. Brown. Mr. Brown specifically requested it in his petition. And having received the relief his petition requested, he cannot rightfully challenge it now on appeal. See Anderson v. State, 93 So. 3d 1201, 1206 (Fla. 1st DCA 2012).

circumstances.'" Shaw v. Nelson, 4 So. 3d 740, 742 (Fla. 1st DCA 2009) (citing Overbey v. Overbey, 698 So. 2d 811, 813 (Fla. 1997)). Under the statute, this means that Mr. Brown would have to show a difference between his existing monthly obligation and the amount provided under the guidelines of at least 15%. § 61.30(1)(b), Fla. Stat.

In declining to modify the child support arrangement in this case, the trial court found that Mr. Brown's income is about $79,000 per year and that Mrs. Brown's income is about $57,000 per year, which did not generate the required difference under the guidelines. The record, however, does not support the income figures used by the trial court. With respect to Mr. Brown's income calculation, from his close to $116,000 gross income in 2012, the trial court subtracted half of all of his claimed business expenses across-the-board without specifically considering them. Evidently, the court extrapolated from the testimony of Mr. Brown's bookkeeper, who testified that she considered some of Mr. Brown's expenses half personal and half business. For example, because Mr. Brown resided in and operated his solo legal practice from the same location, his bookkeeper routinely considered his grocery and big-box store receipts to be half personal and half business expenses. But Mr. Brown and his bookkeeper testified that other expenses were straight business expenses, or "ordinary and necessary expenses required to produce income." § 61.30(2)(a)(3), Fla. Stat.; Burgess v. Burgess, 871 So. 2d 919, 921 (Fla.

6

3d DCA 2004). Income used for business purposes is not considered income for purposes of chapter 61. See Zold v. Zold, 911 So. 2d 1222, 1231-32 (Fla. 2005). In operating his law practice, for example, the salary Mr. Brown paid to his paralegal, his payments to a part-time attorney, court costs, and health insurance appear to qualify as expenses that should have been fully deducted from Mr. Brown's income for purposes of chapter 61. And because the trial court's across-the-board treatment of Mr. Brown's expenses included cutting in half both pure business expenses and part-business/part-personal expenses alike, its calculation methodology fell short under the statute.

Additionally, the order established Ms. Brown's income at a lower level than supported by the evidence. The court set her income at $57,000 based on a W2 from her primary job in 2009. But Ms. Brown testified that her $57,000 salary provided a baseline income that she regularly supplemented by working additional jobs whenever possible. And she reported an annual income north of $80,000, for 2009, 2010, and 2012 (2011 was not addressed at the hearing), including $99,000 in 2012, the year the trial court used in calculating Mr. Brown's income. The order provides no rationale for disregarding Ms. Brown's secondary income from the child support calculation. See § 61.30(2), Fla. Stat. (establishing the amount of support based upon the parents' income). For this reason too, we cannot conclude that competent,

7

substantial evidence supports the child support-related portion of the order entered below.

Conclusion

For these reasons, we affirm in part and reverse in part the trial court's July 14, 2014, order on the former husband's Supplemental Petition for Modification of Parenting Plan and Other Pending Issues. Because no substantial, material, and unanticipated change of circumstances warranted a modification of the existing parenting plan, we remand with directions for the trial court to strike the four parenting plan modifications identified above in this opinion. We also reverse the order on the child support modification issue, including the simultaneously entered Final Judgment of Indirect Civil Contempt and Order of Enforcement, and remand for additional consideration of Mr. Brown's child support modification request consistent with this opinion. We affirm the order in all other respects.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.


BENTON, OSTERHAUS, and BILBREY, JJ., CONCUR