# Third District Court of Appeal

## State of Florida

Opinion filed February 15, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2899
Lower Tribunal No. 12-46272
_____

**Miami-Dade County Expressway Authority,**
Petitioner,

vs.

**Electronic Transaction Consultants Corporation,**
Respondent.

A Case of Original Jurisdiction – Prohibition.

Holland & Knight LLP, and Rodolfo Sorondo, Jr. and Christopher N. Bellows, for petitioner.

Vezina, Lawrence & Piscitelli, P.A., and Michael Piscitelli and Bradley S. Copenhaver (Ft. Lauderdale), for respondent.

Before SUAREZ, C.J., and ROTHENBERG and SALTER, JJ.

ROTHENBERG, J.

Miami-Dade County Expressway Authority ("MDX") seeks a writ of prohibition disqualifying the trial judge and an order remanding the case to the circuit court for the reassignment of the case to another judge. Because we conclude that the motion to disqualify the trial judge filed below was both timely and legally sufficient, disqualification is required. See Wolfson v. Wolfson, 159 So. 3d 394, 394 (Fla. 3d DCA 2015) (finding that disqualification is required where the trial judge's comments suggested that she had prejudged the case); Wade v. Wade, 123 So. 3d 697, 698 (Fla. 3d DCA 2013) (holding that disqualification is required where the trial court announced its ruling before hearing all of the evidence); Cummings v. Montalvo, 135 So. 3d 389, 389 (Fla. 5th DCA 2014) (finding that disqualification was required because the judge's statements reflected that she had prejudged a party's credibility); Amato v. Winn Dixie Stores/Sedgwick James, 810 So. 2d 979, 980-83 (Fla. 1st DCA 2002) (finding that disqualification was required where the trial court had issued an order on the merits before all of the evidence had been submitted, even though the trial court subsequently vacated the order). We, therefore, grant the petition and remand for reassignment of the case to another judge.

Petition granted.