# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Nos. 1D20-3726
1D21-0020

_____

SUSAN JENNINGS,

Appellant,

v.

JOSE E. ARENAS FREDES,

Appellee.

_____

On appeal from the Circuit Court for Leon County.
Barbara K. Hobbs, Judge.

September 22, 2021

ROWE, C.J.

Susan Jennings appeals an order amending for a second time the parenting plan entered after the dissolution of her marriage to Jose Arenas Fredes. Jennings argues that the trial court erred by: (1) not affording her due process during the final hearing, (2) determining timesharing of the parties' two minor children using a prospective-based analysis, and (3) calculating child support. We affirm the first issue. We reverse as to the other two.

After Jennings petitioned to dissolve the marriage, the parties agreed to roughly equal timesharing of their children in a temporary marital settlement agreement. Soon after, Jennings petitioned to relocate with the children to South Carolina. The

court denied her petition and ordered the parties to remain in Florida. Even so, Jennings and Fredes later agreed that Jennings could take the children to South Carolina. But they did not agree for how long. Jennings moved to South Carolina with the children. After relocating, she refused to allow Fredes to exercise timesharing with the children. Fredes sought relief in the trial court. The court granted Fredes majority timesharing with the children. The children were to reside with him in Tallahassee during the school year. The court granted Jennings majority timesharing with the children for the summer.

The dissolution proceeded to a final hearing. Following the hearing, the trial court entered an order awarding Fredes majority timesharing during the school year, with Jennings having timesharing one weekend each month, six weeks during the summer, and during certain holidays. The court also included a conditional timesharing provision that would apply should Jennings decide to relocate to Tallahassee. The court ordered Fredes to pay child support arrears to Jennings. It ordered Jennings to begin paying child support in October 2020. This timely appeal follows.

Jennings first argues that the trial court deprived her of due process during the final hearing by not giving her attorney enough time to cross-examine Fredes and by not allowing her to present her witnesses' testimony. We review de novo "[w]hether a violation of due process has occurred under a given set of facts." *Dep't of Revenue ex rel. Thorman v. Holley*, 86 So. 3d 1199, 1204 (Fla. 1st DCA 2012). We are hampered in our review of Jennings' due process claim because she did not provide a transcript of the final hearing. Without an adequate record, we cannot "properly resolve the underlying factual issues" raised by Jennings on appeal. *Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150, 1152 (Fla. 1979) ("In appellate proceedings the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error."). Because the record is inadequate to show reversible error by the trial court, we affirm as to Jennings' due process argument. *See id.*

Next, Jennings argues that the trial court reversibly erred by engaging in a prospective-based analysis in determining

timesharing. We review an order on timesharing for an abuse of discretion. *Canakaris v. Canakaris*, 382 So. 2d 1197, 1203 (Fla. 1980). Here, the trial court ordered a long-distance timesharing plan. But the court also provided for a local timesharing plan that would apply if one of the parties relocated in the future and if the parties resided within fifty miles of one another.

The trial court abused its discretion by including this provisional award of timesharing. Under section 61.13001(3), Florida Statutes (2020), unless the parents of a minor child agree, a parent seeking to relocate more than fifty miles from their current residence must petition the court for approval. The court must determine **at the time of the final hearing** whether the relocation is in the child's best interest. *Arthur v. Arthur*, 54 So. 3d 454, 459 (Fla. 2010). The trial court's award of timesharing based on Jennings' potential relocation in the future was not a present determination of the children's best interests, but a prospective-based analysis. *See Amiot v. Olmstead*, 46 Fla. L. Weekly D1074 (Fla. 1st DCA May 11, 2021) (holding that the trial court abused its discretion by including a conditional timesharing provision that would come into play if one of the parties relocated). Thus, we reverse and remand for the court to strike the conditional local timesharing plan from its order.

Last, Jennings argues that the court erred when it calculated current and retroactive child support because it failed to include Fredes' Veterans' Administration disability benefits as income. We review this issue for an abuse of discretion. *Brown v. Brown*, 180 So. 3d 1070, 1072 (Fla. 1st DCA 2015). We find no reversible error in the trial court's calculation of retroactive child support, but we do find error in the trial court's calculation of current child support.

In his 2020 financial affidavit, Fredes listed his monthly gross income as $5,416. He listed his current monthly disability payments as $575.69. Even so, the trial court calculated Fredes' monthly income as $5,416, overlooking the monthly disability benefits. As Fredes properly concedes, the trial court abused its discretion by not including the disability benefits in Fredes' monthly gross income. Gross income includes disability payments. *See* § 61.30(2)(a)4., Fla. Stat. (2020). Thus, we reverse and remand for the court to recalculate the current child support award.

As to the trial court's calculation of retroactive child support, we affirm the trial court's order because the record lacks any evidence showing that Fredes received VA disability benefits before 2020.

AFFIRMED in part, REVERSED in part, and REMANDED.

OSTERHAUS and WINOKUR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Susan Jennings, pro se, Appellant.

Trudy E. Innes Richardson of Trudy Innes Richardson, PLLC, Tallahassee, for Appellee.