# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA
———————————————————

Case No. 5D2024-2465
LT Case No. 2020-DR-000216
———————————————————

HOLLY SQUIRES,

     Appellant,

     v.

JARED SQUIRES,

     Appellee.

———————————————————

On appeal from the Circuit Court for Lake County.
Bernard S. Shapiro, Judge.

Lawrence P. Cartelli, of Lawrence P. Cartelli, P.A.,
Tavares, for Appellant.

Jared Squires, Tavares, pro se.

June 20, 2025

KILBANE, J.

Holly Squires ("Former Wife") appeals the trial court's order denying her petition to modify the final judgment that dissolved her marriage with Jared Squires ("Former Husband"). On appeal, Former Wife asserts the order should be reversed based on the court's failure to include findings of fact. Because the trial court was not required to provide written findings and the limited record fails to demonstrate error, we affirm.

Former Wife's petition for modification sought increased child support, ultimate decision-making authority, and restrictions on Former Husband's timesharing, all based on their minor child being diagnosed with autism after the marital dissolution judgment was rendered. Former Husband sought relief of his own. After an evidentiary hearing, the trial court denied both petitions in an order that lacked factual findings, but which required Former Husband to submit to a home safety inspection and recommended online educational classes on autism.[1] The trial court later denied Former Wife's motion for rehearing, in which she expressly argued that the trial court's order lacked factual findings.

We review a trial court's denial of a motion to modify child support or parenting plan for an abuse of discretion. *See Mannella v. Mannella*, 363 So. 3d 236, 239 (Fla. 6th DCA 2023) (child support); *Wade v. Hirschman*, 903 So. 2d 928, 935 (Fla. 2005) (parenting plan). "The decision of the trial court comes to this court clothed in a presumption of correctness, and the burden is on the appellant to demonstrate reversible error." *Roberts v. Diaz*, 343 So. 3d 156, 157 (Fla. 3d DCA 2022) (quoting *Corridon v. Corridon*, 317 So. 3d 1198, 1201 (Fla. 3d DCA 2021)).

A court must "make specific written findings of fact when creating or modifying a time-sharing schedule." § 61.13(2)(c)1., Fla. Stat. (2024). Likewise, written findings are required when the court orders child support that deviates more than a specified amount from the child support guidelines. *Id.* § 61.30(1)(a). However, the plain text of these statutes does not include a written findings requirement when a court merely denies a petition to modify child support or timesharing. *See generally id.* §§ 61.13(1)(a)2., .30(1)(b); *cf. John Knox Vill. of Cent. Fla., Inc. v. Est. of Lawrence*, 379 So. 3d 1205, 1208 (Fla. 5th DCA 2024) ("Had

---

[1] Former Husband did not challenge these arrangements below or on appeal. Former Wife cannot appeal the conditions placed on Former Husband because they are in line with the relief she sought. *See Brown v. Brown*, 180 So. 3d 1070, 1072 n.1 (Fla. 1st DCA 2015) ("[H]aving received the relief h[er] petition requested, [s]he cannot rightfully challenge it now on appeal.").

the Legislature intended to require courts to make affirmative findings, it could have easily done so.").

The trial court denied Former Wife's petition and was thus not required to make written findings. Given the deferential standard of review and the limited record on appeal,[2] we cannot assume the trial court's decision was unsupported by competent, substantial evidence. *See Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150, 1152 (Fla. 1979) ("Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory.").

Therefore, because Former Wife has not met her burden of showing error, we affirm. *See Chereskin v. Chereskin*, 790 So. 2d 496, 497 (Fla. 5th DCA 2001) (holding "[t]he party who challenges the correctness of a trial court's ruling on a motion to modify . . . has the burden of demonstrating an abuse of discretion," or else "the ruling must be presumed correct").

AFFIRMED.

EDWARDS, C.J., and BOATWRIGHT, J., concur.

---

[2] Former Wife failed to include transcripts from the evidentiary hearing on modification or the final marriage dissolution judgment and settlement agreement, which contained the parties' original timesharing and support agreement.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————